No. 20,069.

CHARLES GURULE *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(372 P. [2d] 88)

Decided May 28, 1962.   Rehearing denied June 18, 1962.

Plaintiff in error pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error will be referred to as defendant. He was convicted in the district court of the crime of robbery and conspiracy to commit robbery. Motion for new trial was denied, and he was sentenced to the state penitentiary on both counts, the sentences to run concurrently. He is here by writ of error challenging: 1. The sufficiency of the evidence and 2. the giving of an instruction relating to reasonable doubt.

Defendant asserts that on the evidence he was entitled to a directed verdict of not guilty and that the court's failure to grant his motion at the conclusion of the People's case was error. Appearing here pro se, he argues that the testimony of the prosecuting witnesses identifying him and his companion as the two persons who committed a robbery in the early hours of September 3, 1959, is not worthy of belief. The gist of his argument is that the witnesses were not able to give "positive" and "accurate" descriptions of the respondents immediately after the robbery. He argues that this discredits the subsequent identification of him and his companion in the police line-up where they were made to stand with four other persons of similar build and ancestry.

In addition to the identification, which defendant argues was not as strong as it should be, other evidence was that both the defendant and his companion were apprehended two hours after the robbery on the basis of the description given to the police. A sport coat which one witness said looked "just like" the sport coat which one gunman used to hide his face while in the bar was found in defendant's home. In the sport coat were two pistols which witnesses testified "looked just like" pistols used by the two gunmen. The testimony was that one of the robbers took a bottle of peppermint schnapps from the bar when he left. Police officers found an empty bottle of peppermint schnapps in the yard where defendant was living prior to his arrest.

Defendant took the stand in his own behalf, denied participation in the robbery, and claimed he and his

partner were at a party that night, from which they were just returning when the officers arrested them.

■ The conflicts in the testimony, the credibility of the witnesses, the weight of their testimony in identifying the defendants, are all matters which should be submitted to the jury, and the court properly did so. *Bauer v. People,* 103 Colo. 449, 86 P. (2d) 1088. This court will not interfere with the determination of facts by a jury where there is competent evidence to support it.

■ On the second point challenging the instruction on reasonable doubt, there was no objection to any of the instructions given by the trial court. Moreover the instruction given, in its exact language, has been used for many years by the courts of the state as a "stock instruction" and was first approved in *Minich v. People,* 8 Colo. 440, 9 Pac. 4. See also *McKee v. People,* 72 Colo. 55, 209 Pac. 632.

The judgment is affirmed.