No. 21382.

LESLIE DENNISON *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(423 P.2d 839)

Decided February 14, 1967.     Rehearing denied March 6, 1967.

JOHN M. LAW, RALPH M. CLARK, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James W. Creamer, Jr., Assistant, for defendant in error.

*En Banc.*

Opinion by Schauer, R.A.J.*

Plaintiff in error, Leslie Dennison, was accused of first degree murder, entered a plea of not guilty, and upon trial was found guilty of murder in the second degree. Judgment entered on the verdict and sentence of from twenty to forty years imprisonment in the penitentiary was imposed.

■ The trial lasted for ten days and the record before us consists of three bound volumes. It has been read and evaluated as against the arguments advanced as grounds for reversal. Two assignments of error contained in the brief of counsel for Dennison were not raised in the lower court during the trial, or in the motion for a new trial, and are entitled to no consideration at this time.

■ Reliance of counsel is placed on the following contentions:

I. THE VERDICT OF THE JURY IS PLAINLY, MANIFESTLY, PALPABLY, DECIDEDLY, AND STRONGLY AGAINST THE WEIGHT OF THE EVIDENCE, THEREBY REQUIRING AND JUSTIFYING THE GRANTING OF A NEW TRIAL.

II. THE LOWER COURT ERRED IN REFUSING TO DIRECT A VERDICT OF ACQUITTAL AS TO ALL CHARGES OR ALTERNATIVELY TO WITHDRAW FROM THE JURY'S CONSIDERATION THE CRIMES OF FIRST AND SECOND DEGREE MURDER AND IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL.

*Retired Associate Justice of the Supreme Court, sitting under assignment by the Chief Justice under provisions of Article VI, Sec. 5(3) of the constitution of Colorado.

These arguments are not tenable for the simple reason that there is an abundance of evidence upon which the jury could have returned a guilty verdict upon either the charge of first or second degree murder. It would serve no useful purpose to set forth in detail the sequence of events which resulted in the killing of Gene DeRezza, an unarmed man, by a pistol shot fired at him by Dennison. Dennison is in no position to assert that the evidence was not sufficient to sustain the judgment when a verdict of first degree murder would have found ample support in the record before us.

Counsel for Dennison asserts that the trial court committed error in giving certain instructions and in refusing to give instructions tendered. It is sufficient to say that every theory of defense upon which the accused relied was correctly presented to the jury by the instructions given, and the law applicable to the case was fully and correctly set forth.

Dennison received a fair trial, and no error was committed which in any manner operated to the substantial prejudice of his rights.

Citation of the numerous authorities already to be found in the official reports, which fully support the above conclusion, would only lengthen this opinion to no useful purpose.

The judgment is affirmed.

MR. JUSTICE DAY not participating.