No. 22192.

AGAPITO GARCIA AREVALOS *v.* THE PEOPLE OF THE STATE OF COLORADO.
(426 P.2d 553)

Decided April 24, 1967.

Douglas L. Irish, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James W. Creamer, Jr., Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

Plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of assault with a deadly weapon, following trial to a jury. Judgment was entered on the verdict.

■ As grounds for reversal counsel for the defendant assigns error upon the refusal of the trial court to give three instructions which were tendered at the trial on behalf of the defendant. The statute involved in the charge against the defendant involves proof that no "considerable provocation" was present as an inducement to the assault. Counsel urges that the instruction given by the trial court failed to sufficiently define the words "considerable" and "provocation." It is sufficient to say that the term "considerable provocation" was sufficiently defined as a legal phrase in the context of the statute, and the court did not err in refusing to define each word separately.

■■ It is also argued that the instruction which the trial court gave to the jury on the issue of "self defense" did not fully advise the jury of the elements of that defense, to the prejudice of the defendant. The essential elements of "self defense" were included in the

410

instruction which the trial court gave on that subject; moreover, the one tendered by the defendant on the same subject contained clauses which were improperly weighted on the side of the defendant. We hold that it was properly refused.

 The defendant tendered an instruction bearing upon the consideration to be given by the jury of evidence of his good character. However, the substance of the instruction given on the subject by the trial court has been repeatedly approved in this jurisdiction. *Wilder v. People*, 86 Colo. 35, 278 Pac. 594.

The judgment is affirmed.

MR. JUSTICE SUTTON, MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY concur.