No. 23454.

CLIFTON O'NEAL WINTERS v. THE PEOPLE OF THE STATE OF COLORADO.
(482 P.2d 385)

Decided March 22, 1971.

SAMUEL J. MERLO, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, EUGENE C. CAVALIERE, Assistant, for defendant in error.

*In Department.*

Opinion by REX H. SCOTT, District Judge.*

WINTERS, hereinafter referred to as defendant, was charged and convicted of assault with a deadly weapon. Prior to the crime charged, he and his victim, Payne, had been good friends. There was testimony that defendant knew that Payne was seeing his (defendant's) wife. Payne had told the defendant on prior occasions that he (Payne) had had sexual relations with a Colorado Springs woman and her daughter. On hearing Payne was seeing his wife, defendant called him to tell him to stop and that he had better stay away from his (defendant's) seventeen-year-

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

old daughter. Four days later defendant returned home from work and found his wife missing. He drove to Payne's house to find Payne and his (defendant's) wife sitting on the porch. Defendant took his rifle from his truck and fired a shot, hitting no one. He then approached Payne and struck him several times with the butt of the rifle. Defendant testified that Payne often carried a gun in his pocket, and that defendant thought Payne was reaching for it. Defendant argues that the court erred in refusing to submit instructions which he tendered.

We have noted the defendant's arguments and find that all but one of the tendered instructions were given in substance or were covered by other instructions which the court gave. No error derives by the court's failure to give a tendered instruction covering the same matter. *Dennison v. People,* 161 Colo. 546, 423 P.2d 839 (1966); *Edwards v. People,* 160 Colo. 395, 418 P.2d 174 (1966).

The court also properly refused to give the defendant's tendered instruction which emphasized particular evidence and contained an abstract statement of the law. This court has discouraged instructions which are "mere abstract statements of the law." *Gill v. People,* 139 Colo. 401, 339 P.2d 1000, 1006. In addition, the improper emphasis of particular evidence is not favored. *Arevalos v. People,* 162 Colo. 408, 426 P.2d 558 (1967).

After examining the record, we find that the jury was adequately and fully instructed on the defendant's theory of defense and on the law relating to self-defense and provocation.

Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE ERICKSON concur.