No. 24849

**The People of the State of Colorado v. Brian Sanchez**
(503 P.2d 619)

Decided November 13, 1972.    Rehearing denied December 18, 1972.

120

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Eugene C. Cavaliere, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant, Brian Sanchez, was convicted of causing death while driving under the influence of intoxicating liquor, C.R.S. 1963, 40-2-10, and brings appeal to this court.

In a collision involving defendant's car and that of a Mrs. Shriver, the latter was killed and her two children were seriously injured. Before the police arrived on the scene, defendant and one Antonio Salazar, as well as the occupants of the Shriver car, had been removed to the Monte Vista Community Hospital. After observing numerous beer bottles in the Sanchez vehicle, the police went to the hospital with alcohol test equipment. Defendant and Salazar were asked, "Who was the driver of the Sanchez vehicle?" Upon which defendant made a motion with his arm and stated "I was."

This was the only direct evidence that Sanchez was the driver of the Sanchez vehicle. All other witnesses to the collision were unable to definitely place him in the driver's seat. The admission by defendant that he was driving was presented to the jury by testimony of the police officer and is cited as error on the assertion that it was obtained in response to police questioning not preceded by an advise-

ment and waiver of his rights under the *Miranda* decision. In addition, defendant contends that the trial court erred in failing to hold a hearing sua sponte in chambers to determine the voluntariness of any statements allegedly made by the defendant to police officers.

Both points of error are raised for the first time in this court. We have held in numerous cases that the proper procedure in this court necessitates that alleged error, including errors of a constitutional nature, be preserved by raising same by objection during the trial and by motion for a new trial. *Morse v. People,* 168 Colo. 494, 452 P.2d 3; *Dennison v. People,* 161 Colo. 546, 423 P.2d 839; *Brown v. People,* 158 Colo. 561, 408 P.2d 981. As we stated in *Lucero v. People,* 158 Colo. 568, 409 P.2d 278:

"The points advanced by the defendant are raised for the first time on this writ of error. No objection to the alleged errors was preserved by a motion to suppress, by objection to the admission of the evidence, or by motion for a new trial. * * *

* * *

"As we have pointed out in numerous prior decisions, the 'contemporaneous objection' rule and the requirement that error be preserved by raising the objection with particularity in the motion for a new trial have a salutary purpose in the orderly administration of justice in this state. These rules have often been recognized by the United States Supreme Court as adequate state grounds which prevent review of a constitutional question by that court. * * *"

If in fact there was a transgression of *Miranda*, it was waived by the defendant's cross-examination for purposes of credibility (and not admissibility) as to what defendant said and police asked in Monte Vista hospital. It has been held in numerous other jurisdictions that where counsel failed to object to testimony on direct examination, but cross-examined on the subject, the court has found a waiver. *Williams v. State,* 372 S.W.2d 326 (Tex. Crim. App. 1963); *People v. Calvin,* 116 Ill. App. 2d 471, 253 N.E.2d 922; *State v. Tuttle,* 16 Utah 2d. 288, 399 P.2d 580.

Most recently this court in *Diebold v. People*, 175 Colo. 96, 485 P.2d 900, held:

"* * * No objection to such evidence was made at the trial and the subject was not presented in the defendant's motion for a new trial. Counsel for the defendant cross-examined with reference to this testimony, made no motion to have it stricken, nor for the trial court to instruct the jury to disregard it. Matters which counsel intends to raise on writ of error must be the subject of contemporaneous objection, when applicable, and must be preserved in the motion for a new trial. * * *

■ Finally, defendant's argument that the trial court should have sua sponte conducted a hearing to determine the voluntariness of the statement we answer by calling attention to *Neighbors v. People*, 171 Colo. 349, 467 P.2d 804;

"The concern of the Supreme Court in *Jackson v. Denno, supra,* was that a trial judge rather than a jury was the proper judicial functionary to determine admissibility of evidence. Thus it held that whenever voluntariness was an issue in the trial, there must be a hearing before the trial judge and a determination made on that issue. We are not prepared to say that the mere act of offering the statement into evidence is sufficient to raise an issue of its voluntariness. The defendant must make his objection known to the court by objection, motion, cross-examination, or some other means during the course of the trial which indicates to the judge that there is an issue of admissibility of the statement. We do not agree with a philosophy which allows a defendant to get his theory of the case before the jury and then, if he is convicted, permits him to obtain a new trial on the grounds that evidence should not have been admitted."

The judgment is affirmed.

MR. JUSTICE ERICKSON not participating.