## No. 25475

**The People of the State of Colorado v. Eugene E. Focht**
(504 P.2d 1096)

Decided December 26, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jack E. Hanthorn, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave, III, Deputy, Allan Lipson, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant, Eugene E. Focht, was convicted of assault with a deadly weapon on a police officer, in violation of 1967 Perm. Supp., C.R.S. 1963, 40-7-54. He contends here that (1) the evidence was insufficient to prove specific intent to do great bodily injury, and (2) that the instruction on reasonable doubt contained an improper standard. We disagree and affirm.

## I.

We deal first with defendant's claim that the evidence is insufficient to prove specific intent to do great bodily harm. That such an intent may be supplied by inferences drawn from the circumstances of the case is established in law in Colorado. *People v. Prante,* 177 Colo. 243, 493 P.2d 1083; *Garcia v. People,* 172 Colo. 329, 473 P.2d 169.

Since the evidence was conflicting here in many particulars, we must, on appeal, look at it in the light most favorable to the People in determining whether there is substantial evidence to support the verdict. *People v. Vigil,* 180 Colo. 104, 502 P.2d 418; *Southard v. People,* 174 Colo. 324, 483 P.2d 962; and *Bennett v. People,* 155 Colo. 101, 392 P.2d 657.

Viewed in this context, we find that the record shows that a police officer came to defendant's residence as a result of a domestic quarrel. He was met outside the premises by defendant's estranged wife who gave the policeman her account of a fight. The policeman then advanced to the door and told the defendant he would like to hear his version of the situation. At this point, defendant picked up a rifle and pointed it at the policeman's midsection and advised the policeman that he had no business there and was trespassing. The policeman then returned to his patrol car and summoned other police officers. Upon their arrival, defendant was arrested. The record further shows that the rifle was loaded with four or five rounds of ammunition, one of them being in the chamber. One of defendant's witnesses testified that defendant had the rifle in a position to "actuate" it. The circumstances outlined above provided ample evidence from which the jury could infer the specific intent to do great bodily harm. *People v. Prante,* 177 Colo. 243, 493 P.2d 1083.

## II.

Defendant next contends that the trial court's use of Instruction 7 on reasonable doubt, instead of the alternative instruction advanced by the defendant, constituted reversible error.

Instruction 7 is the same instruction on reasonable doubt which this Court has approved on numerous prior occasions. *Edwards v. People,* 151 Colo. 262, 377 P.2d 399; *Gurule v. People,* 150 Colo. 240, 372 P.2d 88; *McKee v. People,* 72 Colo. 55, 58, 209 P. 632; *Van Wyk v. People,* 45 Colo. 1, 14, 99 P. 1009; and *Minich v. People,* 8 Colo. 440, 9 P. 4. This instruction has been in general use in this jurisdiction for over fifty years and when read in its entirety is a fair statement of the legal meaning of that term. *See Edwards v. People, supra.*

Where the law applicable to the case is correctly presented to the jury by the instruction given, there is no error in declining to give alternative instructions tendered by the defendant. *Young v. People,* 180 Colo. 62, 502 P.2d 81; *Winters v. People,* 174 Colo. 91, 482 P.2d 385; and *Dennison v. People,* 161 Colo. 546, 423 P.2d 839.

The judgment is affirmed.