## No. 25744

### The People of the State of Colorado v. Willie Earl Edwards
(520 P.2d 1041)

Decided April 15, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Aurel M. Kelly, Assistant, Sara Duncan, Special Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant, Willie Earl Edwards, appeals his conviction of assault with a deadly weapon in violation of C.R.S. 1963, 40-2-34. We affirm the judgment of conviction.

As grounds for reversal, appellant contends, first, that the evidence was insufficient as a matter of law to support the verdict of guilty, and, second, that the trial court erred in instructing the jury. We find no merit to these contentions.

I.

The People's evidence showed that during the evening on December 26, 1971, appellant was in a nightclub at a table with one Bennie Thomas, who was the brother of the victim of the assault, Robert Lewis. Thomas offered appellant a drink. Appellant turned to Thomas and said he was going to "whup" him and his brother. A brief fight followed, which was broken up by Lewis and others. Appellant was ordered out of the premises.

Shortly thereafter, Lewis and members of his party proceeded toward the exit of the nightclub, Lewis leading the way. As Lewis stepped out of the door he was struck on the head with a military entrenching shovel. Both Lewis and his uncle, Louis Ray Johnson, identified appellant as the assailant. The force of the blow was sufficient to severely fracture Lewis' skull.

Appellant testified in his own defense. He denied that he was the assailant and maintained that when he left the nightclub he got into his car and drove away.

█ Appellant, while admitting that the People's evidence when viewed in its most favorable light was sufficient to support an inference that he was the assailant, nonetheless argues that there was insufficient evidence of specific intent to cause bodily injury. It is clear under numerous decisions of this Court that specific intent may be inferred from the facts and circumstances surrounding the commission of an assault. *People v. Prante,* 177 Colo. 243, 493 P.2d 1083; *Baker v. People,* 176 Colo. 99, 489 P.2d 196; *Johnson v. People,* 174 Colo. 413, 484 P.2d 110. From the nature of the appellant's actions, *i.e.,* the previous fight, his positioning himself outside the door of the nightclub, the use of a shovel as a weapon, the striking of the victim without warning with such violence as to inflict grave injuries upon the victim, the jury could not but reasonably conclude that appellant acted with specific intent to commit bodily injury upon Robert Lewis. The jury's verdict was amply supported by the evidence.

## II.

█ Appellant's second contention, raised for the first time on appeal, asserts fundamental error in the court's instructions. Error is premised on the fact that the information, which was read to the jury as part of the statement-of-the-case instruction, charged the appellant with committing the assault, "no considerable provocation then and there appearing for said assault, *and* the circumstances thereof showing an abandoned and malignant heart"; whereas the court in instructing on the elements of the crime followed the exact statutory language and set forth the foregoing

elements in the disjunctive, rather than the conjunctive. This precise matter was considered in *Hernandez v. People,* 156 Colo. 23, 396 P.2d 952. The Court reversed in that case because of a faulty jury verdict, stating:

"The charge in the statute may be made in the disjunctive and the charge in the information may be made in the conjunctive, but the verdict should not be so lumped. Separate verdicts could have been submitted or else there should have been a general guilty verdict given as a counterpart of the not guilty verdict, that is, 'We, the Jury, find the defendant guilty *as charged in the information.*' (Emphasis supplied.) We said in *Cortez v. People,* 155 Colo. 317, 394 P.2d 346, that evidence of any of the alternative ways that a crime can be committed will support a general verdict."

*See also Rowe v. People,* 26 Colo. 542, 59 P. 57.

In the present case, a proper general verdict form was submitted to the jury and we perceive no error under these circumstances.

 It is further contended that prejudicial error was committed when the court, although not requested to do so, failed to define the phrase "no considerable provocation then and there appearing." In *Arevalos v. People,* 162 Colo. 408, 426 P.2d 558, a similar assertion was rejected as being without merit. We adhere to our judgment in that case.

The judgment is affirmed.

MR. JUSTICE DAY does not participate.