## No. 26053

## The People of the State of Colorado v.
## Toby Lee Borrego
(529 P.2d 639)

Decided December 23, 1974.

218

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an appeal from a conviction of second-degree assault under 1971 Perm. Supp., C.R.S. 1963, 40-3-203(1)(b). Diane Borrego, the defendant's former wife, testified: that on October 11, 1972, the defendant came to her home at about 4:30 in the afternoon, and asked her assistance in obtaining the release of his car from a police pound; that defendant told her that he was an escapee from the Colorado State Reformatory at Buena Vista; that there were narcotics, a gun, and a woman's purse in the car; that she denied the request for assistance; that on the following evening the defendant returned and again requested her help; and that, when she refused again, the defendant grabbed her around the neck, dragged her to the door, and stabbed her in the abdomen with a hunting knife.

Mary Trudeau testified that she was Diane Borrego's sister-in-law, and that on the evening of October 11 the defendant came to her home, and asked her to assist him in recovering his car.

I.

The defendant first contends that the testimony by the two witnesses, which related to the fact that the defendant was an escapee from the reformatory and that there were narcotics, a

gun, and a woman's purse in the car, violates the rule which prohibits the introduction into evidence of other offenses committed by the defendant. The rule was clearly stated in *Warford v. People,* 43 Colo. 107, 96 P. 556 (1908), in which the court said:

"The general rule is, that evidence is not admissible which shows, or tends to show, that the accused has committed a crime wholly independent of the offense for which he is on trial. The reason for the rule is, that no person shall be convicted of an offense by proving that he is guilty of another. Evidence of such character creates a prejudice in the minds of the jury against the accused, and the rule should, therefore, be strictly enforced in all cases where applicable."

However, the court went on to note exceptions to this general rule:

"It is always proper to show the motive which may have prompted the accused to commit the crime for which he is being tried, and the intent with which he committed the acts which it is claimed constitute that crime . . . ." *See Schiffner v. People,* 173 Colo. 123, 476 P.2d 756 (1970).

■ The defendant in his brief recognizes these exceptions, but contends that the evidence here is irrelevant to the charge against him and that it fits neither of the above exceptions. We disagree. It is both relevant and material in this case for the jury to consider the testimony which tends to supply the reasons for the defendant's behavior. We agree with the prosecution's theory that these events led up to the eventual assault on Mrs. Borrego. There is no doubt that this was damaging testimony, but that does not render it inadmissible. *Kennard v. People,* 171 Colo. 194, 465 P.2d 509 (1970).

In *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959), this court clearly delineated the procedures that the trial court should follow when allowing this kind of testimony. It stated:

"First, the prosecutor should advise the trial court of the purpose for which he offers the evidence. Secondly, if the court admits such evidence, it should *then and there* instruct the jury as to the limited purpose for which the evidence is being received and for which the jury may consider it. Thirdly, the general charge should contain a renewal of the instruction on the limited purpose of such evidence."

The record reflects that the trial court was fully cognizant of the problems inherent in receiving the testimony of the two witnesses, and that it strictly complied with the mandates of *Stull, supra.*

## II.

Defendant next complains that the superficial nature of the wound inflicted upon Mrs. Borrego tends to negate any inference of the requisite specific intent necessary to sustain a conviction for assault. The record shows that Mrs. Borrego was treated at the hospital, that her wound required no sutures and that, after the wound was cleaned and dressed and a tetanus shot administered, she was discharged.

The statute under which defendant was charged provided that a person commits second-degree assault if "with intent to cause bodily injury to another person, he causes or attempts to cause such injury to any person by means of a deadly weapon." The requisite intent may be inferred from the circumstances of the case. *People v. Focht,* 180 Colo. 259, 504 P.2d 1096 (1972). We need cite no authority for the proposition that reasonable men could infer the specific intent to do bodily injury from the circumstances of the case and the testimony in the case which showed that the defendant stabbed Mrs. Borrego with a hunting knife. The extent of the resulting wound does not negate the defendant's intent.

## III.

The other assignments of error are without merit.

Judgment affirmed.