675

The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Edward J. MATTAS, Defendant–Appellant.

No. 77–477.

Colorado Court of Appeals, Div. III.

March 27, 1980.

As Modified on Denial of Rehearing April 24, 1980.

Certiorari Granted Sept. 29, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Maureen E. Phelan, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Pub. Defender, Margaret L. O'Leary, Deputy State Pub. Defender, Denver, for defendant–appellant.

PIERCE, Judge.

This is a bifurcated appeal. The only issues discussed in this opinion pertain to issues regarding the conviction of the defendant. The issues regarding his sentencing are still pending. Defendant appeals his conviction for first degree sexual assault and first degree burglary. We affirm.

Four of defendant's points of error are raised for the first time on appeal. To preserve issues for appeal, it is necessary that they be raised by objection during the trial and that they be included in the motion for new trial. *People v. Sanchez*, 180 Colo. 119, 503 P.2d 619 (1972). Since these issues were not properly preserved, they can serve as a basis for reversal only if they involve plain error. Crim.P. 52(b).

Two of these contentions relate to the instructions given to the jury. Defendant contends it was plain error for the trial court to fail to include the element of intent in the instruction on first degree sexual assault. He also contends that the trial court committed plain error in giving an instruction on the defense of intoxication

because it was not requested and because it was inconsistent with defendant's theory of the case.

■ The jury was instructed on the elements of first degree sexual assault in the statutory language effective at the time of trial, the word "knowingly" not having been added to the statute until July 1, 1977. *See* Colo.Sess.Laws 1977, ch. 224, 18–3–402 at 962. Such an instruction is ordinarily sufficient. *People v. Crawford*, 191 Colo. 504, 553 P.2d 827 (1976). The jury was also instructed on the necessary element of intent in a separate instruction. Therefore, the instructions considered as a whole provided the jury an adequate and correct guideline on the law to be applied in this case. *People v. Pool*, 185 Colo. 131, 522 P.2d 102 (1974).

*People v. Hardin*, Colo., 607 P.2d 1291 (1980), is not applicable here. The statute in effect at the time of the offense, and at the time the defendant was charged and tried, stated only a general intent crime. That is, before July 1, 1977, "knowingly" was not a statutory element of first degree sexual assault, and it was not necessary, therefore, to include that factor in the definition of the crime, so long as the general intent factor was covered elsewhere in the instruction. *People v. Crawford, supra.*

■ With respect to the instruction on the defense of intoxication, we find no reasonable possibility that the instruction contributed to defendant's conviction. *People v. Aragon*, 186 Colo. 91, 525 P.2d 1134 (1974). We therefore find no plain error in the giving of the instructions.

■ Nor does our review of the record reveal plain error with respect to defendant's contention that certain pubic hairs should not have been admitted into evidence, and that the victim's identification of defendant should have been suppressed. As a result, these contentions will not be considered on appeal. *Sanchez, supra.*

## II.

Defendant also contends that the trial court erred in admitting into evidence pho-

tographs which showed defendant's ring being held next to distinctive bruises that had been suffered by the victim during the assault. We disagree.

■ The admissibility of photographs lies within the sound discretion of the trial court and will be reversed only if that discretion was abused. *People v. Sexton*, 192 Colo. 81, 555 P.2d 1151 (1976). Photographs may be introduced to show the scene of the crime, the appearance of the victim, and any other matters which a witness could describe in words. *People v. Sepeda*, 196 Colo. 13, 581 P.2d 723 (1978). Also, photographs may be admitted if it would be helpful to permit a witness to supplement his description by their use. *Potts v. People*, 114 Colo. 253, 158 P.2d 739 (1945).

■ Here, defendant did not contest the victim's testimony that she received the bruises when she was struck during the assault. Nor did he contest the testimony of a police officer that defendant was wearing the ring in question the morning after the assault. Under these circumstances, the admission into evidence of the photograph was not an abuse of discretion and any weight to be given to the pictorial comparison of the shape of the bruises to the shape of the ring was a matter for the jury.

## III.

Because of our holdings on the above issues, we find no merit in defendant's additional contentions of error.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.