Dan Harland **ELLIFRITZ**,
Appellant (Defendant),

v.

The **STATE** of **Wyoming**,
Appellee (Plaintiff).

No. 84–248.

Supreme Court of Wyoming.

Aug. 15, 1985.

Leonard D. Munker, State Public Defender and Martin J. McClain, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, and Zane R. Moseley, Defender Aid Program, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Sylvia Lee Hackl, Asst. Atty. Gen., Cheyenne, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant was convicted by a jury of aggravated homicide by vehicle. In his appeal, he alleges error in the instructions given the jury.

According to appellant, the issue is:

"Whether the Appellant was denied a fair trial because the trial court refused to instruct the jury on the Appellant's

theory of the case regarding the manner in which his vehicle was driven."

We will affirm.

On November 12, 1983, appellant was driving a large truck near Hell's Half Acre in Natrona County and hit the rear of an automobile, killing the driver, Patricia Morgan. He was charged with, and convicted by a jury of, aggravated vehicular homicide, described in § 6–2–106(b), W.S.1977 (June 1983 Replacement), which provides:

"A person is guilty of aggravated homicide by vehicle and shall be punished by imprisonment in the penitentiary for not more than twenty (20) years, if, while driving a motor vehicle in violation of W.S. 31–5–233, he unlawfully causes the death of another person while driving a motor vehicle and the violation is the proximate cause of the death."

Section 31–5–233, W.S.1977, 1983 Cum. Supp. (statute in effect on November 12, 1983), among other things, proscribed driving or being in control of a vehicle while under the influence of intoxicating liquor.

▮ On appeal, appellant complains that he was not permitted to have his theory of the case conveyed to the jury through instructions. He requested the following instructions.[1]

Proposed Instruction No. 12

"You are instructed that the Defendant's admission, standing alone, that he consumed an alcoholic beverage and then drove an automobile, is not sufficient to prove beyond a reasonable doubt that he was under the influence of intoxicating liquor to a degree which rendered him incapable of safely driving said vehicle. "You are further instructed that standing alone, the testimony of the State's witness that he smelled alcohol on the breath of the Defendant is not sufficient to prove that the Defendant was under the influence of alcohol."

Proposed Instruction No. 13

"* * * [T]he manner in which a vehicle is driven does not by itself establish that the driver was or was not under the influence of intoxicating liquor. * * *"

Together with other instructions, the court gave the first paragraph of proposed Instruction 12 but did not give the second paragraph, nor the instruction appellant designates as "Proposed Instruction No. 13."

In his brief, appellant talks about his theory of the case but never defines a recognized theory. At trial, appellant never talked about a theory of the case. We have trouble ferreting out a theory for appellant except his contention that the evidence did not indicate guilt. A theory of the case is more than a comment on the evidence. What appellant suggests in his proposed instructions is comment on the evidence—in effect, telling the jury how not to consider the evidence.

In a typical DWUI case, there are ordinarily several factors that point to the driver's intoxication; i.e., blood alcohol level, erratic driving, slurred speech, admission to having consumed a "couple of beers," loquaciousness, bleary eyes, odor of alcohol, partly empty bottles of alcohol, report on field sobriety tests, and others. Appellant's proposed instructions would have resulted in confusion to the jury because they were, in effect, comments on the evidence. If appellant's notion on instructions were proper, then logically the court should instruct the jury that the presence of any of the aforementioned factors, standing alone, is insufficient to convict. If appellant's scheme of instructing were adopted, the jury would logically wonder if one indicia of intoxication was insufficient, or if two would be sufficient.

Nothing was said in the court's instruction that suggested the smell of alcohol on

1. The second paragraph of appellant's proposed Instruction 12, and proposed Instruction 13 are not in the record. We learn about these proposed instructions only by reference to the transcript of the instruction conference. This is not the proper way to preserve an alleged instructional error. When an instructional error is claimed, all the instructions whether given or refused should be included in the record. *State v. Lee,* 221 Kan. 109, 558 P.2d 1096 (1976).

appellant's breath or the manner in which his vehicle was driven was sufficient, standing alone, to convict appellant. Without any basis, appellant speculates that the jury might convict on one indicia of intoxication; he then requests that the jury be instructed that they cannot do something he only guesses they might be inclined to do.

 The trial court has a duty to instruct the jury on general principles applicable to the case. *Benson v. State*, Wyo., 571 P.2d 595 (1977). A defendant has the right to have his theory of the case affirmatively presented to the jury. *Scheikofsky v. State*, Wyo., 636 P.2d 1107 (1981). The trial court has a duty to properly instruct the jury on defendant's theory of the case even though instructions offered by him are "not entirely correct," provided, of course, they are sufficient to apprise the court of the theory of the defense. *Stapleman v. State*, Wyo., 680 P.2d 73 (1984).

The principles that we have set out in Benson, Scheikofsky and Stapleman, supra, are only applicable, of course, if there is competent evidence in the record to support defendant's theory of the case. The instructions offered by appellant are not theory of the case instructions. At trial, appellant did not offer these instructions as "theory of the case" instructions; rather, they were offered and refused as limiting instructions. On appeal appellant cannot elevate these offered instructions into "theory of the case" instructions by simply calling them such.

 A fortiori, the trial court properly refused the two instructions since they unduly emphasized one aspect of the evidence. We have held that a trial court should refuse such an instruction. *Evans v. State*, Wyo., 655 P.2d 1214 (1982). Courts in other jurisdictions are in accord. *Winters v. People*, 174 Colo. 91, 482 P.2d 385 (1971); and *State v. Lee*, 221 Kan. 109, 558 P.2d 1096 (1976). In *State v. Humbolt*, 1 Kan.App.2d 137, 562 P.2d 123 (1977), the court disapproved an instruction "which emphasizes and singles out certain evidence admitted at trial," and held the

weight to be given any evidence is a matter for counsel to argue and for the jury to determine. An instruction should not tell the jury how to weigh a particular piece of evidence.

Our review of the evidence discloses that the court correctly instructed the jury and it properly refused the instructions offered by appellant.

Affirmed.