The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Jeffry WEISS, Defendant-Appellant.

No. 84CA0748.

Colorado Court of Appeals,
Div. I.

Nov. 7, 1985.

Rehearing Denied Dec. 5, 1985.

Certiorari Denied March 31, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Miller, Hale and Harrison, Daniel C. Hale, Boulder, for defendant-appellant.

BABCOCK, Judge.

Defendant, Jeffry Weiss, appeals from the judgment of conviction entered upon jury verdicts finding him guilty of conspiracy to distribute, and distribution of, cocaine. We reverse.

At trial, the prosecution introduced evidence that defendant accepted $2,400 from one Ms. Smith in exchange for cocaine. Defendant denied selling cocaine to Ms. Smith and introduced evidence that the money given to him by her was in payment for an automobile which she had purchased from him through his used car business. At the conclusion of the evidence, the trial court submitted to the jury the basic instructions common to all criminal cases, but, without explanation, refused to give any of defendant's three tendered instructions on his theory of defense.

Defendant contends that the trial court erred in refusing to instruct the jury on his theory of defense. We conclude that the trial court correctly rejected defendant's tendered instructions as improperly worded. However, because there was evidentiary support for defendant's theory of defense, we hold that the trial court erred in failing to give a properly worded instruction on his theory.

A defendant is entitled to a properly worded instruction setting forth his theory of defense so long as there is any evidence in the record to support the instruction and it is not encompassed in other instructions. *People v. Dillon,* 655 P.2d 841 (Colo.1982). This rule applies even though the defendant's theory consists entirely of an explanation of his actions which, if believed by the jury, would absolve him of criminal responsibility. *People v. Meller,* 185 Colo. 389, 524 P.2d 1366 (1974); *People v. Moya,* 182 Colo. 290, 512 P.2d 1155 (1973).

In this case, defendant's explanation of the reason for his receipt of the money from Ms. Smith was supported by certain of the evidence in the record, but the basic instructions given to the jury did not encompass this explanation as his theory of defense. Thus, he was entitled to an instruction concerning his explanation of the events. *See People v. Moya, supra.*

A theory of the defense instruction which contains an explanation must be brief, general, and must instruct the jury on the legal effect of the explanation. *See*
*People v. Bookman,* 646 P.2d 924 (Colo. 1982); *People v. Meller, supra.* The improper emphasis of particular evidence in an instruction is not favored. *See Winters v. People,* 174 Colo. 91, 482 P.2d 385 (1971). Furthermore, an instruction which contains argumentative matter is justifiably refused. *People v. Martinez,* 652 P.2d 174 (Colo.App.1981).

All three of defendant's tendered instructions contained a two-page, detailed recitation of the facts in evidence which would support his theory. This recitation was followed by a general denial of the charges and a reassertion of his innocence. Consequently defendant's tendered instructions were not in the required form, and thus, we conclude that they were properly rejected by the trial court.

Although a tendered instruction may be properly rejected, a trial court is under a positive duty to cooperate with counsel either to correct the tendered instruction or to incorporate the substance of such an instruction into one to be drafted by the court. *People v. Moya, supra.* Here, the trial court gave no explanation for its rejection of defendant's theory of defense instructions, did not work with defense counsel to prepare a properly worded instruction, and did not independently draft one in proper form. This was reversible error. *See People v. Bookman, supra.*

Because of our resolution of this issue, it is unnecessary to consider defendant's claims of prosecutorial misconduct. We have also considered defendant's other claims and find no error.

The judgment is reversed and the cause is remanded for new trial.

PIERCE, J., concurs.

KELLY, J., specially concurs.

KELLY, Judge, specially concurring.

I concur in the majority only because I feel obligated to do so by the holding in

*People v. Moya,* 182 Colo. 290, 512 P.2d 1155 (1973), which specifically requires that the trial court give a tendered theory of defense instruction even though it consists of no more than an explanation of defendant's actions, and is based on testimony in the record.

In my view, *Moya* conflicts directly with a long line of cases which hold that argumentative instructions should be refused where the defense theory is embodied in other instructions given by the court. *See People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978); *People v. Holmes,* 191 Colo. 477, 553 P.2d 786 (1976); *People v. Mackey,* 185 Colo. 24, 521 P.2d 910 (1974); *Winters v. People,* 174 Colo. 91, 482 P.2d 385 (1971); *Arevalos v. People,* 162 Colo. 408, 426 P.2d 558 (1967); *People v. Wilson,* 678 P.2d 1024 (Colo.App.1983); *People v. Simien,* 671 P.2d 1021 (Colo.App.1983); *People v. Martinez,* 652 P.2d 174 (Colo. App.1981); *People v. Akins,* 36 Colo.App. 337, 541 P.2d 338 (1975).

While it is a temptation to interpret these later cases as having overruled *Moya sub silencio, People v. Dillon,* 655 P.2d 841 (Colo.1982), expressly applying *Moya,* militates against any such conclusion. Were I free to do so, I would adopt a contrary rule. It seems to me that where, as here, a defendant has pleaded not guilty, and has offered testimonial as well as tangible evidence to refute the prosecution's version of the facts, the outcome of the case boils down solely to a credibility determination by the trier of fact. Allowing the defendant to reargue his version of the facts in the guise of a theory of defense instruction gives him the advantage of repetition, and unfairly augments his explanation since the instruction is given to the jury by the judge. In my opinion, factual arguments such as this should be properly confined to closing arguments rather than incorporated into jury instructions. I would limit theory of defense instructions to legally recognized defenses, and deny tendered instructions which merely reargue facts.