**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Jack Eugene FLEMING, Defendant–Appellant.**

**No. 88CA1717.**

Colorado Court of Appeals, Div. II.

July 19, 1990.

As Modified on Denial of Rehearing Sept. 6, 1990.

Certiorari Granted Feb. 11, 1991.

232

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jack Eugene Fleming, pro se.

James A. Carleo, Colorado Springs, for defendant-appellant (on the briefs).

Opinion by Judge PLANK.

Defendant, Jack Eugene Fleming, appeals the judgment of conviction entered on jury verdicts finding him guilty of theft of more than $10,000 and extortion. He contends that the trial court erred in failing to suppress records subpoenaed from his stockbroker's account and in refusing his proffered theory of the case instruction. We affirm the extortion conviction and reverse and remand for a new trial on the theft charge.

The charges arose out of defendant's use of money obtained from investors to finance a gold mining corporation promoted by him. Some of the money was deposited in his wife's checking account and used for personal expenses. Some of it was deposited in defendant's personal investment account with his stockbroker and used to finance defendant's personal stock transactions. Almost all the money was withdrawn from both accounts before criminal charges were filed in June 1987. The extortion charge arose out of defendant's threats to hire a "hit man" in response to an investor's demand for the return of his money.

In January 1988, the district attorney issued a subpoena ordering defendant's stockbroker to produce the records of defendant's account for the preliminary hearing. The stockbroker complied, and after the preliminary hearing, defendant moved to suppress the records. The trial court found that the subpoena was issued pursuant to the Colorado Consumer Protection Act, § 6–1–101, et seq., C.R.S. The actual subpoena is not designated as part of the record on this appeal and thus we accept the trial court's finding on this issue. The trial court denied the motion, ruling that the subpoena had been lawfully issued. The records were admitted into evidence at trial.

I.

Defendant contends that the records from his stockbroker's account should have been suppressed because the district attorney abused his authority under the Colorado Consumer Protection Act, § 6–1–101, et seq., C.R.S., by issuing a subpoena after filing criminal charges against defendant. We agree.

A.

■ A defendant has an expectation of privacy in the records of his or her bank accounts that is protected by Colo. Const. art. II, § 7. *Charnes v. DiGiacomo*, 200 Colo. 94, 612 P.2d 1117 (1980).

We reject the People's argument that the rationale of *Charnes* does not extend to stockbroker's accounts. *Charnes* has been extended to telephone company records of numbers called by customers. *People v. Corr*, 682 P.2d 20 (Colo.1984); *People v. Sporleder*, 666 P.2d 135 (Colo.1983). Further, in *Pignatiello v. District Court*, 659 P.2d 683 (Colo.1983), the court applied *Charnes* to grand jury subpoenas of records from a brokerage company as well as banks. Thus, we conclude that defendant has an expectation of privacy in the records of his stockbroker's account that is protected by the Colorado Constitution.

B.

■ Because defendant had a constitutionally protected interest in the records, the People were required to use appropriate legal process to obtain them. *See Benson v. People*, 703 P.2d 1274 (Colo.1985); *Charnes v. DiGiacomo, supra.* Here, the district attorney purported to use his authority to issue administrative subpoenas under § 6–1–108(1) of the Consumer Protection Act to obtain the records.

■ An administrative subpoena of documents is constitutionally valid if (1) the investigation is for a lawfully authorized purpose; (2) the information sought is relevant to the inquiry; and (3) the subpoena is sufficiently specific to obtain documents which are adequate but not excessive for the inquiry. *People v. Lamb*, 732 P.2d 1216 (Colo.1987); *see Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946). Probable cause is not required to support an administrative subpoena. *Benson v. People, supra; Charnes v. DiGiacomo, supra.*

Defendant argues that the Consumer Protection Act subpoena was not issued for a lawfully authorized purpose because it was used to gather evidence for a pending criminal prosecution. We agree.

■ It is an abuse of process to issue an administrative or grand jury subpoena for the sole or dominant purpose of gathering evidence for a pending criminal prosecution. *See United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357,

57 L.Ed.2d 221 (1978); *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). *See generally* I.W. LaFave & J. Israel, *Criminal Procedure* § 8.8(d) (1984). To permit the use of administrative subpoenas for that purpose would expand the prosecution's right of criminal litigation discovery beyond the scope contemplated by Crim.P. 16 and 17. *See United States v. LaSalle National Bank, supra.*

Here, the record shows that the primary purpose of the subpoena was to obtain evidence for use in the criminal prosecution. The subpoena was issued some six months after the criminal charges were filed for the purpose of obtaining evidence for use in defendant's preliminary hearing, and the prosecutor conceded that a civil Consumer Protection Act action probably would not be filed against defendant.

■ We reject the People's argument that because a civil Consumer Protection Act action could have been filed, the subpoena was lawfully issued. Although the civil and criminal aspects of a Consumer Protection Act investigation by a district attorney are intertwined, those aspects diverge when criminal charges are filed, just as the civil and criminal aspects of tax investigation diverge when the I.R.S. recommends that the Justice Department prosecute. *See United States v. LaSalle National Bank, supra.*

We conclude that the evidence should have been suppressed on the ground that the subpoena was not issued for a lawfully authorized purpose. *See Benson v. People, supra; People v. Corr, supra; Gher v. District Court,* 183 Colo. 316, 516 P.2d 643 (1973).

### C.

■ The question thus becomes whether the trial court's failure to suppress the records was harmless error. *See* Crim.P. 52(a).

■ Constitutional error mandates reversal unless the reviewing court is satisfied that it is harmless beyond a reasonable doubt. *People v. Jensen,* 747 P.2d 1247

(Colo.1987). That standard applies here because defendant had a constitutionally protected privacy interest in the records.

The evidence properly admissible against defendant is not sufficiently overwhelming to satisfy us beyond a reasonable doubt that the records did not contribute to defendant's conviction. Hence, the judgment of conviction must be reversed.

### II.

■ Defendant raises another issue that may arise on retrial. He contends that the trial court erred in refusing his requested theory of the case instruction. We disagree.

■ A defendant is entitled to a proper theory of the case instruction if it is supported by any evidence. *See People v. Marquez,* 692 P.2d 1089 (Colo.1984). A trial court, however, may properly refuse a theory of the case instruction that is argumentative, unduly emphasizes particular evidence, or contains statements not supported by the evidence. *See People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978); *People v. Weiss,* 717 P.2d 511 (Colo. App.1985).

Here, the requested instruction was a lengthy and argumentative restatement of some of defendant's evidence. It included at least one statement not supported by the evidence, *i.e.,* contrary to the statement in the instruction, defendant did spend company money before receiving a settlement check from a stockbroker in 1986.

Although a trial court has a duty to cooperate with counsel in drafting a proper theory of the case instruction after refusing an improper one, *People v. Weiss, supra,* here, defendant rejected the opportunity offered by the trial court to draft a proper instruction. Thus, the trial court did not err in refusing defendant's offered instruction.

Because the subpoenaed records were relevant only to the theft charge, the judgment of conviction as to the extortion charge is affirmed. The judgment of con-

viction on the theft charge is reversed, and the cause is remanded for a new trial.

SMITH and METZGER, JJ., concur.