## No. 28401

**The People of the State of Colorado v. James A. Elam**

(597 P.2d 571)

Decided July 9, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Assistant Attorney General, Chief, Appellate Section, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant, James Elam, appeals from an order of the district court denying his motion for relief filed pursuant to Crim. P. 35(b). We affirm.

Defendant was convicted of first-degree assault. 1971 Perm. Supp., C.R.S. 1963, 40-3-202(1)(a).[1] The conviction was affirmed on appeal. The defendant then filed a motion to vacate the judgment of conviction and sentence under Crim. P. 35(b). As the basis for the motion, he contended that the first-degree assault statute under which he was convicted is unconstitutional because it imposes a greater penalty for essentially the same conduct proscribed by the second-degree assault statute. 1971 Perm. Supp., C.R.S. 1963, 40-3-203(1)(a) and (b).[2] Therefore, defendant asserted, his conviction and sentence violated his right to equal protection of the law. He asked that his conviction and sentence for first-degree assault be vacated, that a judgment of conviction of second-degree assault be entered, and that he be sentenced under that statute. Defendant asserts the same argument on appeal.

The first-degree assault statute under which defendant was convicted provided in pertinent part:

"(1)   A person commits the crime of assault in the first degree if:

"(a) With intent to cause *serious bodily injury* to another person, he causes serious injury to any person by means of a *deadly weapon*; . . . ." (Emphasis added.)

The second-degree assault statute under which defendant seeks to be sentenced provides in pertinent part:

"(1) A person commits the crime of assault in the second degree if:

"(a) With intent to cause *serious bodily injury* to another person, he does cause such injury to any person; or

"(b) With intent to cause *bodily injury* to another person, he causes or attempts to cause such injury to any person by means of a *deadly weapon;* . . . ." (Emphasis added.)

Defendant's contention of unconstitutionality as it relates to paragraphs (1)(a) of the first- and second-degree assault statutes has been fully answered by this court in *People v. Brake,* 196 Colo. 575, 588 P.2d 869 (1979), where the identical argument here asserted was rejected by this court.

Defendant also contends that there is no distinction between "intent to cause serious bodily injury," required by paragraph (1)(a) of the first-degree assault statute, and "intent to cause bodily injury," required by paragraph (1)(b) of the second-degree assault statute. Consequently, defendant argues, citing *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975), the two statutes proscribe identical conduct and therefore violate equal protection. We do not agree.

---

[1] Now section 18-3-202(1)(a), C.R.S. 1973.
[2] Now section 18-3-203(1)(a) and (b), C.R.S. 1973.

172

Defendant's conclusion of invalidity proceeds from a false premise. In *People v. Jackson,* 194 Colo. 93, 570 P.2d 527 (1977), we held that "serious bodily injury" and "bodily injury" are constitutionally distinguishable. The two statutes, thus, do not proscribe identical conduct and therefore do not violate equal protection.

Judgment affirmed.

