The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ricky N. SPARKS, Defendant–Appellant.

No. 94CA0365.

Colorado Court of Appeals, Div. V.

Feb. 22, 1996.

Gale A. Norton, Attorney General, Stephen
K. ErkenBrack, Chief Deputy Attorney Gen-

eral, Timothy M. Tymkovich, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Glen R. Anstine, P.C., Glen R. Anstine, Denver, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Ricky N. Sparks, appeals the trial court's order denying his Crim.P. 35(c) motion challenging a judgment of conviction and sentence for second degree assault. We affirm.

According to the prosecution's evidence, on March 31, 1993, while defendant and his wife were driving home from a party, defendant became angry and struck his wife repeatedly in the face, head, and body. He then reached over, opened the passenger door, and pushed her out of the vehicle.

Subsequent events resulted in the two continuing to their home, where defendant continued hitting his wife and threatened to kill her. Eventually, his wife left, sought police assistance, and received medical treatment for a broken nose, a broken wrist, and bruises.

The arrest and conviction of defendant under § 18–3–203(1)(g), C.R.S. (1986 Repl.Vol. 8B) resulted from this incident, and the court sentenced him to five years in the Department of Corrections pursuant to the mandatory sentencing provision of § 18–3–203(2)(c), C.R.S. (1995 Cum.Supp.). The trial court denied defendant's Crim.P. 35(c) motion alleging violations of his right to equal protection and effective assistance of counsel. This appeal followed.

### I.

Defendant contends that the trial court erred in denying his constitutional challenge to his sentence. Specifically, he asserts that no meaningful distinction exists between second degree assault, as described in § 18–3–203(1)(g), and third degree assault as described in § 18–3–204, C.R.S. (1986 Repl.Vol. 8B) and that, as a result, the more severe sentencing provision for second degree assault violates his right to equal protection. We do not agree.

The General Assembly may establish penalties which apply to particular criminal offenses. *Smith v. People,* 852 P.2d 420 (Colo.1993). However, the constitutional guarantee of equal protection requires that a class of crimes be based on differences that are real in fact and reasonably related to the purposes of the legislation. *People v. Nguyen,* 900 P.2d 37 (Colo.1995). Thus, where two statutes provide disparate penalties for similar criminal conduct, equal protection guarantees are violated. *People v. Montoya,* 196 Colo. 111, 582 P.2d 673 (1978). However, if different statutes proscribe dissimilar forms of conduct, and there is a rational basis for disparate sanctions, such statutes do not offend equal protection guarantees. *People v. Brewer,* 720 P.2d 596 (Colo.App. 1985).

Here, at the time of the offense, the statute under which defendant was convicted, § 18–3–203, C.R.S. (1986 Repl.Vol. 8B), provided in pertinent part:

(1) A person commits the crime of assault in the second degree if:

. . . .

(g) With intent to cause bodily injury to another person, he causes serious bodily injury to that person or another.

Second degree assault is a class four felony punishable by a term of two to eight years imprisonment. Section 18–1–105(1)(a)(IV), C.R.S. (1995 Cum.Supp.). However, § 16–11–309, C.R.S. (1995 Cum.Supp.) provides that a person convicted of a crime of violence must be sentenced pursuant to § 18–1–105(9), C.R.S. (1995 Cum.Supp.), which mandates a term of incarceration of at least the midpoint of the presumptive range but not more than twice the maximum term of that range. Thus, under the terms of the statutes, the trial court had to sentence defendant to a term of at least five years imprisonment. Section 18–3–203(2)(c), C.R.S. (1995 Cum.Supp.).

Section 18–3–204, C.R.S. (1986 Repl.Vol. 8B) provides:

A person commits the crime of assault in the third degree if he knowingly or recklessly causes bodily injury to another person or with criminal negligence he causes

bodily injury to another person by means of a deadly weapon.

Assault in the third degree is a class one misdemeanor punishable by a term of imprisonment in the range of six to eighteen months. Section 18–1–106, C.R.S. (1995 Cum.Supp.).

Defendant asserts that because no appreciable difference exists between the terms of the second and third degree assault statutes, the more severe sentencing provision for second degree assault violates his right to equal protection. We are not persuaded.

A comparison of the statutes at issue reveals differences that include the mental state of the defendant and the degree of harm inflicted. Defendant, however, contends that no real difference exists between the elements of "intent" to cause bodily injury and "knowingly or recklessly" causing bodily injury in second and third degree assault, respectively. We are not persuaded.

■ The specific intent required for second degree assault is sufficiently distinguishable from the less culpable mental state required for third degree assault to justify a harsher penalty for the former. *People v. Gibson*, 623 P.2d 391 (Colo.1981); *People v. Suazo*, 867 P.2d 161 (Colo.App.1993) ("knowingly or recklessly" is a lesser degree of mental culpability than "with intent").

■ Further, the General Assembly is entitled to establish more severe penalties for acts which it believes have greater social impact and graver consequences. *Smith v. People, supra.* Since the difference between "serious bodily injury" and "bodily injury" is constitutionally distinguishable, *People v. Elam*, 198 Colo. 170, 597 P.2d 571 (Colo. 1979), the harsher penalty for second degree assault is warranted. *See People v. Suazo, supra.*

Accordingly, we conclude that the two statutes involve combinations of conduct and mental culpability that are conceptually distinct from one another. *See People v. Johnson*, —— P.2d —— (Colo.App. No. 93CA1361, February 8, 1996) (rejecting similar equal protection challenge to first and second degree assault statutes based on their differences in conduct and culpability). Thus, because the statutes rationally treat different conduct in different ways, defendant's right to equal protection was not violated.

## II.

Next, defendant contends that the trial court erred in denying his Crim.P. 35(c) motion because he was denied effective assistance of counsel. Again, we disagree.

■ A defendant has a constitutional right under both the United States and Colorado constitutions to receive reasonably effective assistance of an attorney as his or her advocate. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To obtain relief based on a claim that counsel's representation did not meet constitutional standards, a defendant must satisfy the test adopted by the United States Supreme Court in *Strickland v. Washington, supra.* The *Strickland* test, which our courts have followed, consists of two components: first, whether defense counsel's performance was constitutionally deficient—that is, below an objective standard of reasonableness demanded of attorneys in criminal cases; and second, whether the deficient performance prejudiced the defense such that but for the defense counsel's errors, the result of the trial would have been different. *See People v. Norman*, 703 P.2d 1261 (Colo.1985).

■ If we determine defense counsel's performance was not constitutionally deficient, we need not consider the prejudice prong of the ineffective assistance test. *People v. Garcia*, 815 P.2d 937 (Colo.1991).

### A.

■ Defendant first asserts that defense counsel was ineffective by advising him not to testify. We do not agree.

At the Crim.P. 35(c) hearing, defense counsel testified that he and other members of the defense team believed that the physical evidence presented at trial, rather than defendant's testimony, would better support defendant's version of the events at issue, and that his overall trial strategy was to focus on

discrediting the testimony of defendant's wife.

Defense counsel's advice, based on his decision that cross-examination of defendant might be harmful, was a valid strategic choice and will not support a claim of ineffectiveness. *See Davis v. People,* 871 P.2d 769 (Colo.1994) (disagreement as to trial strategy does not amount to ineffective assistance).

Further, defendant concedes that the trial court properly advised him of his right to testify pursuant to *People v. Curtis,* 681 P.2d 504 (Colo.1984). Thus, defendant knew that the decision whether to testify was personal to him. A defendant cannot complain of errors caused by his own actions. *People v. Mitchell,* 829 P.2d 409 (Colo.App. 1991) We therefore reject defendant's contention that defense counsel kept him from testifying.

### B.

Defendant also asserts that defense counsel was ineffective because he failed to make an objection to certain testimony of the victim. We disagree.

When and whether trial counsel objects during the trial are matters of trial strategy and technique. *Valdez v. District Court,* 171 Colo. 436, 467 P.2d 825 (1970).

Here, during re-direct examination, defendant's wife made a few vague references to past abuse by the defendant. Defendant claims these references were objectionable as inadmissible character references under CRE 404(b).

Defense counsel, however, stated that he chose not to object because he did not want to draw undue attention to these indirect references. This decision by defense counsel was a matter of trial strategy that does not rise to the level of ineffective assistance. *Davis v. People, supra.*

We therefore conclude that defense counsel's performance was not constitutionally deficient and reject defendant's contention.

Order affirmed.

ROTHENBERG and CASEBOLT, JJ., concur.