**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Kimberly SMITH, Defendant–Appellant.**

**No. 95CA1601.**

Colorado Court of Appeals,
Div. I.

April 1, 1999.

Rehearing Denied June 10, 1999.

Certiorari Denied Jan. 24, 2000.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Catherine P. Adkisson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Kimberly Smith, appealed the denial of her motion for modification of sentence pursuant to Crim. P. 35(b). We reversed and remanded based on our interpretation of two sentencing statutes, § 18–1–105, C.R.S.1998 (mandatory minimum sentence for child abuse resulting in death) and § 17–27.7–104, C.R.S.1998 (possible sentence reduction after completion of regimented inmate training program). On certiorari review, the supreme court reversed, holding that, because defendant had received the statutory minimum sentence, she was not eligible for sentence reduction. The supreme court concluded that a court may not impose a sentence below the mandatory minimum for child abuse resulting in death, and it remanded the case to us to address defendant's constitutional contention. *See People*

*v. Smith,* 971 P.2d 1056 (Colo.1999). Upon that remand, we reject defendant's remaining contention and, thus, affirm.

Defendant contends that the supreme court's interpretation of the sentencing statute for child abuse resulting in death as precluding a reduction of her mandatory minimum sentence under § 17–27.7–104, results in that statute violating her equal protection guarantees of the Fourteenth Amendment and Colo. Const. art. II, § 25. We disagree.

Defendant was convicted of child abuse resulting in death, which carries a mandatory minimum sentence. Section 18–1–105.

Defendant successfully completed a regimented inmate training program, acting pursuant to § 17–27.7–104, and moved the trial court for a modification of her sentence. Under that statute, a court may consider reducing a sentence upon completion of a regimented inmate training program. However, the trial court denied defendant's motion because she had been sentenced to the mandatory minimum required by § 18–1–105.

Defendant maintains that, because the trial and supreme courts' statutory interpretation allows the reduction or modification of a mandatory crime of violence sentence but not of a mandatory minimum child abuse resulting in death sentence, it violates equal protection because it treats some mandatory minimum sentences differently from others. We disagree.

Under § 16–11–309, C.R.S.1998, mandatory minimum sentences for crimes of violence are subject to reduction below the minimum. This provision, however, does not apply to the crime of child abuse resulting in death.

If two statutes prescribe different penalties for identical conduct, equal protection is violated. *People v. Onesimo Romero,* 746 P.2d 534 (Colo.1987). Nevertheless, the General Assembly may establish different penalties for particular criminal offenses if a class of crimes is based on differences that are real in fact and reasonably related to the purposes of the legislation. *People v. Sparks,* 914 P.2d 544 (Colo.App.1996) (General Assembly is entitled to establish more severe penalties for acts which it believes have greater social impact and graver consequences).

Here, defendant incorrectly analogizes sentence reductions for child abuse resulting in death to sentence reductions for crimes of violence. Since the statutes prescribe different penalties for dissimilar conduct, the General Assembly has apparently concluded that child abuse resulting in death is a more severe offense than a crime of violence. *See People v. Sparks, supra.*

Accordingly, we conclude the trial and supreme courts' interpretation of § 18–1–105 precluding sentence reduction below the mandatory minimum, under § 17–27.7–104, does not violate defendant's right to equal protection of the laws.

The judgment is affirmed.

Judge METZGER and Judge CASEBOLT concur.