The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Alan Todd SMITH, Defendant–Appellant.

No. 99CA2022.

Colorado Court of Appeals, Div. V.

June 21, 2001.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.

Ken Salazar, Attorney General, Cynthia A. Greenfield, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Shann Jeffery, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Chief Judge HUME.

Defendant, Alan Todd Smith, appeals the sentence imposed by the district court following his guilty plea. We affirm.

Defendant was originally charged with sexual assault on a child as part of a pattern of conduct, sexual assault on a child by one in a position of trust, and incest. In exchange for dismissal of the three original counts, defendant entered a negotiated guilty plea to an added count of sexual assault on a child.

Pursuant to the Colorado Sex Offender Lifetime Supervision Act of 1998, § 16–13–804, C.R.S.2000, the district court sentenced defendant to an indeterminate term in the Department of Corrections of ten years to life.

## I.

Defendant argues on appeal that the district court erred in sentencing him to an indeterminate term of ten years to life because § 16–13–804(1)(a), C.R.S.2000, does not allow a sentencing court to deviate from the minimum presumptive range of § 18–1–105,

C.R.S.2000, which in this case is two years. We are not persuaded.

■ When construing a statute, we must ascertain and give effect to the intent of the General Assembly, which should be determined from the plain and ordinary meaning of the language whenever possible. *Mason v. People,* 932 P.2d 1377 (Colo.1997).

Section 16–13–804(1)(a) provides that, with exceptions not relevant here:

> the district court having jurisdiction shall sentence a sex offender to the custody of the department for an indeterminate term of at least the minimum of the presumptive range specified in section 18–1–105, C.R.S., for the level of offense committed and a maximum of the sex offender's natural life.

The minimum term for a class four felony under § 18–1–105 is two years, and the sentencing court interpreted "at least the minimum of the presumptive range" to mean that defendant could be sentenced for a minimum term of more than two years. The prosecution requested a minimum of sixteen years, but the court settled on an indeterminate term of ten years to life.

Defendant relies on the Colorado Sex Offenders Act of 1968, § 16–13–201, et seq., C.R.S.2000 (applicable to offenses committed prior to November 1, 1998), to contend that the term "at least" does not allow the court to extend the minimum term beyond the two years set by § 18–1–105. We are not persuaded.

Under the previous version of the sexual offender sentencing statute, the court could impose either a determinate sentence to the Department of Corrections or "an indeterminate term having a minimum of one day and a maximum of his natural life." *See* § 16–13–203, C.R.S.2000. If the offender was given an indeterminate sentence, the parole board was required periodically to review the offender's progress and suitability for parole or release. Under that statute, the sentencing court had no discretion to modify the minimum and maximum boundaries of the indeterminate sentence, and the parole board could release an offender. *See People v. Kibel,* 701 P.2d 37 (Colo.1985).

The new sex offender sentencing statute now requires the court to give the offender an indeterminate sentence. Similarly, the parole board now has the sole authority to determine when an offender is fit to be paroled, but it may release the offender only after a minimum period of incarceration has been served. The minimum period was modified from "a minimum of one day" to "at least the minimum of the presumptive range specified in section 18–1–105." *See* § 16–13–804(1)(a).

■ Defendant claims that, as under the previous version of the sex offender statute, the sentencing court is not allowed to deviate from the minimum and maximum boundaries set by the statute. He specifically argues that the terms "at least" and "minimum" are interchangeable and that the court was required to sentence him to an indeterminate term of two years to life. We disagree.

■ We conclude that defendant's interpretation of the statute renders meaningless the General Assembly's insertion of "at least." Had the General Assembly intended the new statute to operate in the same manner as the old statute, it need not have inserted the phrase "at least," which by its plain meaning provides the court with the option to impose an increased minimum sentence. Statutory language should not be subjected to a strained or forced interpretation. *People v. Smith,* 921 P.2d 80, 81 (Colo. App.1996).

Because we determine that the statutory language is clear and unambiguous, we need not consider legislative history as an aid to our interpretation.

## II.

Defendant also contends that the district court's interpretation of the sentencing scheme violates the rules of statutory construction set forth in § 2–4–201, C.R.S.2000, and equal protection principles. We disagree.

### A.

■ A statute is presumed to be constitutional, and the party challenging its validity

has the burden of establishing its unconstitutionality beyond a reasonable doubt. *People v. Longoria,* 862 P.2d 266 (Colo.1993). To state a claim for an equal protection violation, the defendant must establish that he or she is treated differently from similarly situated individuals. *Wills v. State,* 821 P.2d 866 (Colo.App.1991). The essence of defendant's Equal Protection argument is that one sex offender might receive two years to life, while another offender could receive fifty years to life, or even life to life, for the same crime committed under similar circumstances.

Here, defendant has not demonstrated that he was treated differently from any other defendant convicted under similar circumstances. Rather, he only argues that a hypothetical defendant's rights might be violated in the future. He lacks standing to raise that argument. *See People v. Stage,* 195 Colo. 110, 575 P.2d 423 (1978).

### B.

 Nor do we perceive any conflict between the court's interpretation of the sentencing scheme and the requirements of § 18–1–102, C.R.S.2000, that criminal statutes must provide fair warning of possible penalties and recognize differences in rehabilitative possibilities. The statute gives notice of the possible sentencing range and allows the court to exercise its discretion in considering rehabilitative potential.

### III.

Defendant argues that the court abused its discretion in failing to consider a probationary commitment to community corrections as a sentencing option. We disagree.

Section 16–13–808(1.5), C.R.S.2000, providing for a probationary commitment, was added to the Sex Offender Lifetime Supervision Act and made effective on July 1, 1999. Defendant's providency hearing was held in June 1999, and he was sentenced by the court in August of that year. He was not advised of the availability of probation or the possibility of commitment to community corrections at either hearing. Neither defendant nor his counsel brought the newly enacted legislation to the attention of the trial court.

Because the issue was not raised in the trial court, our review is limited to a plain error analysis. *See* Crim. P. 52(a).

 Plain error occurs when, after review of the entire record, a reviewing court concludes that the claimed error so undermined the fairness of the trial court proceeding as to cast serious doubt on its reliability. *See People v. Kruse,* 839 P.2d 1 (Colo.1992).

 Here, the trial court expressly found that a probationary sentence was not appropriate because it would depreciate the seriousness of the offense. The court further described defendant's case as "one of the more aggravated cases" it had seen, noting that defendant had caused serious harm to his developmentally delayed daughter by repeatedly sexually assaulting her.

Because the court exercised appropriate discretion and considered appropriate and relevant factors in rejecting probation, we are convinced that no plain error occurred here.

### IV.

For similar reasons, we also reject defendant's alternative argument that the court failed to consider appropriate attendant circumstances in imposing sentence. Our review of the record convinces us that the trial court considered the nature of the crime, the character of the offender, and the deterrent effect of the sentence, in addition to the rehabilitative needs and potential of the offender. *See People v. Vigil,* 718 P.2d 496 (Colo.1986). Thus, we perceive no abuse of discretion in the imposition of sentence here.

The sentence is affirmed.

Judge TAUBMAN and Judge KAPELKE, concur.