**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Connell Jane WATKINS, Defendant–Appellant.**

**No. 04CA1697.**

Colorado Court of Appeals, Div. V.

Nov. 3, 2005.

John W. Suthers, Attorney General, Catherine P. Adkisson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Colorado; Craig L. Truman, P.C., Craig L. Truman, Denver, Colorado; Burke & Neuwirth P.C., Dean Neuwirth, Denver, Colorado, for Defendant–Appellant.

VOGT, J.

Defendant, Connell Jane Watkins, appeals the trial court's order denying her postconviction motion challenging the constitutionality of her sentence for reckless child abuse resulting in death. We affirm.

## I.

Defendant, a psychotherapist, was convicted of reckless child abuse resulting in death based on her role in a "rebirthing" therapy session that caused the death of a ten-year-old girl. Defendant's conviction was affirmed on direct appeal. However, the division declined to address defendant's equal protection challenge to her sixteen-year sentence because defendant had not raised the contention in the trial court. *People v. Watkins,* 83 P.3d 1182 (Colo.App.2003).

Thereafter, defendant filed a Crim. P. 35(b) motion for sentence reconsideration, asserting that her sentence violated constitutional equal protection guarantees. She argued that (1) the act for which she was incarcerated fell within the purview of both reckless child abuse resulting in death and recklessly causing death to an at-risk juvenile; (2) the statutes governing the two offenses prescribe different penalties for identical conduct; and (3) imposition of a nonmodifiable minimum sentence of sixteen years imprisonment upon her conviction of the former offense violated her equal protection rights, because a similarly situated person convicted of recklessly causing the death of an at-risk juvenile would be subject to crime of violence sentencing with the possibility for sentence reduction.

The trial court denied defendant's motion. It reasoned that the two substantive criminal statutes on which defendant's equal protec-

tion challenge was based in fact proscribed different conduct. Defendant was convicted under a statute that applies when the death of a child is caused by knowing or reckless conduct, whereas the statute addressing death to an at-risk juvenile, § 18–6.5–103(2)(a), C.R.S.2005, applies by its terms only where the death resulted from criminal negligence. Noting that "Colorado courts have consistently upheld the legislature's mandate that crimes of child abuse resulting in death can be punished more severely than other crimes," the trial court concluded that defendant had not shown beyond a reasonable doubt that her sentence was unconstitutional. Accordingly, because, under the statute governing defendant's sentence, the court had no discretion to sentence her below the mandatory minimum, defendant's motion for sentence reconsideration was denied without a hearing.

## II.

On appeal, defendant contends that the sentencing scheme under which she was sentenced violates equal protection guarantees and that the trial court erred in ruling to the contrary. We disagree.

■ Statutes are presumed to be constitutional. A party attacking the validity of a statute must establish unconstitutionality beyond a reasonable doubt. *People v. Hickman*, 988 P.2d 628 (Colo.1999); *People v. Dash*, 104 P.3d 286 (Colo.App.2004).

■ The constitutional guarantee of equal protection of the laws requires like treatment of persons who are similarly situated. Accordingly, when two criminal statutes prescribe different penalties for identical conduct, a defendant convicted and sentenced under the harsher statute is denied equal protection of the laws. *People v. Cagle*, 751 P.2d 614 (Colo.1988); *People v. Friesen*, 45 P.3d 784 (Colo.App.2001).

■ To state a claim for an equal protection violation, the defendant must establish that he or she is treated differently from similarly situated individuals. Thus, the threshold question in any equal protection challenge is whether the persons allegedly subject to disparate treatment are in fact similarly situated. If they are not, the equal protection challenge must fail. *See People v. Oglethorpe*, 87 P.3d 129 (Colo.App.2003); *People v. Smith*, 29 P.3d 347 (Colo.App.2001).

As the trial court noted, Colorado courts have recognized in other contexts that the General Assembly may, without violating equal protection guarantees, treat child abuse offenses as crimes warranting more serious penalties than similar offenses not involving abuse of children. *See People v. Christian*, 632 P.2d 1031 (Colo.1981)(legislative classification of child abuse as a crime warranting a more serious penalty than reckless manslaughter does not violate equal protection); *People v. Noble*, 635 P.2d 203 (Colo. 1981)(same); *People v. Smith*, 992 P.2d 635 (Colo.App.1999) (General Assembly could conclude that child abuse resulting in death was a more severe offense than a crime of violence; thus, fact that sentence reduction was available in latter circumstance but not in former did not violate defendant's equal protection rights).

### A.

As relevant here, "[a] person commits child abuse if such person causes an injury to a child's life or health." Section 18–6–401(1)(a), C.R.S.2005. For purposes of this section, a "child" is defined as "a person under the age of sixteen years." Section 18–6–401(2), C.R.S.2005. Subject to an exception not applicable in this case, "[w]hen a person acts knowingly or recklessly and the child abuse results in death to the child, it is a class 2 felony." Section 18–6–401(7)(a)(I), C.R.S.2005.

The presumptive sentencing range for a class two felony is eight to twenty-four years imprisonment. Section 18–1.3–401(1)(a)(V)(A), C.R.S.2005. However, the trial court's sentencing discretion is constrained by the following provisions:

(I) If the defendant is convicted of the class 2 ... felony of child abuse under section 18–6–401(7)(a)(I) ... the court shall be required to sentence the defendant to the department of corrections for a term of at least the midpoint in the presumptive range but not more than twice the maxi-

mum term authorized in the presumptive range for the punishment of that class felony.

(II) In no case shall any defendant sentenced pursuant to subparagraph (I) of this paragraph (d) be eligible for suspension of sentence or for probation or deferred prosecution.

Section 18–1.3–401(8)(d)(I)–(II), C.R.S.2005.

Defendant was sentenced in accordance with these provisions. However, she contends that the conduct for which she was sentenced is also proscribed under the statutes addressing crimes against at-risk juveniles, *see* § 18–6.5–101, et seq., .C.R.S.2005, and that these statutes prescribe a lesser penalty for the same conduct. We disagree.

As defendant notes, persons convicted of crimes against at-risk juveniles are subject to crime of violence sentencing. *See* § 18–1.3–406(2)(a)(I)(B), (II)(A), C.R.S.2005. Thus, their sentences are eligible for reconsideration and modification pursuant to § 18–1.3–406(1)(a), C.R.S.2005, which states in relevant part:

Any person convicted of a crime of violence shall be sentenced ... to the department of corrections for a term of incarceration of at least the midpoint in, but not more than twice the maximum of, the presumptive range provided for such offense in section 18–1.3–401(1)(a) ... without suspension; except that, within ninety days after he or she has been placed in the custody of the department of corrections, the department shall transmit to the sentencing court a report on the evaluation and diagnosis of the violent offender, and the court, in a case which it considers to be exceptional and to involve unusual and extenuating circumstances, may thereupon modify the sentence, effective not earlier than one hundred twenty days after his or her placement in the custody of the department. Such modification may include probation if the person is otherwise eligible therefor.

An "at-risk juvenile" is defined, as relevant here, as "any person who is under the age of eighteen years" and is "mentally ill" or "mentally impaired." Section 18–6.5–102(1.5), (3)(e)-(f), C.R.S.2005. For purposes of our analysis, we accept defendant's assertion that the victim in this case was "mentally ill" or "mentally impaired" within the statutory meanings of those terms.

Section 18–6.5–103, C.R.S.2005, sets forth the classifications of crimes against at-risk juveniles. This section includes only one subsection that addresses the death of an at-risk juvenile. That subsection, § 18–6.5–103(2)(a), states:

(2) Any person whose conduct amounts to criminal negligence ... commits:

(a) A class 4 felony if such negligence results in the death of ... an at-risk juvenile ....

Defendant was convicted of having recklessly caused the child's death. She is therefore not similarly situated to persons convicted under § 18–6.5–103(2)(a) of negligently causing death to an at-risk juvenile.

Defendant states that she "agrees that no equal protection violation would lie if a negligently-caused death results in a lower sentence than recklessly-caused death." However, she points out that (1) other crimes enumerated in § 18–6.5–103—for example, assault, robbery, theft—require a mens rea higher than negligence, and (2) § 18–1.3–406(2)(a)(II)(A) states that crime of violence sentencing applies to "[a]ny crime against an ... at-risk juvenile." Thus, she hypothesizes, persons convicted of recklessly causing the death of an at-risk juvenile could potentially be subject to crime of violence sentencing, thereby giving rise to an equal protection violation. We are not persuaded.

We agree with the People that defendant could not have been convicted of, or sentenced for, "recklessly" causing the death of an at-risk juvenile. We do not read the reference in § 18–1.3–406(2)(a)(II)(A) to "any crime against an ... at-risk juvenile" as enlarging the category of offenses that are specifically designated in § 18–6.5–103 as "crimes against at-risk juveniles." The legislative declaration in § 18–6.5–101 states that the General Assembly "finds that penalties for *specified crimes* committed against ... at-risk juveniles should be more severe than the penalties for the commission of said crimes against other members of society" (emphasis added). Further, § 18–6.5–103(1), C.R.S.2005, states: "Crimes against at-risk

... juveniles *shall be as prescribed in this section*" (emphasis added). Section 18–6.5–103 does not include any offense that involves intentional, knowing, or reckless conduct resulting in the death of a child. Defendant cannot establish an equal protection violation by relying on a hypothetical disparate penalty for an offense that does not exist.

### B.

We are also unpersuaded by defendant's related contention that imposition of a more severe penalty for recklessly causing the death of a child who is not at risk contravenes the legislative intent set forth in § 18–6.5–101 and thus violates the proscription against irrational classifications of criminal offenses. *See People v. Suazo*, 867 P.2d 161 (Colo.App.1993).

As noted, in § 18–6.5–101, the General Assembly stated its intent to impose more severe penalties for certain crimes committed against at-risk persons than the penalties imposed for commission of those crimes against other members of society. Consistent with that intent, under § 18–6.5–103(2)(a), criminal negligence resulting in the death of an at-risk adult or an at-risk juvenile is a class four felony, while the same crime committed against a person not in these at-risk categories is a class five felony. *See* § 18–3–105, C.R.S.2005.

█ It is neither inconsistent with § 18–6.5–101 nor irrational for the General Assembly to have determined that reckless child abuse resulting in death should be punished more severely than the offenses enumerated in § 18–6.5–103. *See People v. Christian, supra; People v. Smith, supra*, 992 P.2d 635.

In sum, we agree with the trial court that, as a matter of law, defendant was not entitled to the relief requested in her postconviction motion. Therefore, the trial court properly denied the motion without a hearing. *See People v. Hartkemeyer*, 843 P.2d 92 (Colo.App.1992).

The order is affirmed.

GRAHAM and ROMÁN, JJ., concur.