The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Carl A. SMITH and Tommy McClain,
Defendants-Appellants.

No. 78–220.

Colorado Court of Appeals,
Div. III.

Sept. 11, 1980.

Rehearings Denied Oct. 23, 1980.

Certiorari Denied Jan. 5, 1981.

J. D. MacFarlane, Atty. Gen., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., David R. Purdy, Deputy Dist. Atty., Denver, for plaintiff-appellee.

John J. Gibbons, Jeb McNew, Denver, for defendant-appellant Smith.

J. Gregory Walta, Colo. State Public Defender, Nicholas R. Massaro, Jr., Deputy State Public Defender, Denver, for defendant-appellant McClain.

KELLY, Judge.

Carl Smith and Tommy McClain were convicted of felony murder and first degree sexual assault. On appeal, both defendants contend that the trial court should have granted their motions to sever. McClain alone challenges the jury selection process and the admission of photographs of the deceased. We affirm.

Both defendants contend that the trial court should have granted their motions to sever because evidence admissible against only one of the defendants was introduced, and because their defenses were antagonistic in nature. We disagree.

■ The record supports the trial court's conclusion that no severance was required. The evidence admitted against each defendant was substantially identical. The admission of evidence against a single defendant was followed by an immediate limiting instruction that it was to be considered only for a limited purpose and that it applied only to that defendant. While there was some conflict over the versions of the events given by Smith and McClain, both of whom testified, the record supports the trial court's conclusion that the defenses were not antagonistic. *See People v. Johnson*, 192 Colo. 483, 560 P.2d 465 (1977). Accordingly, we cannot say that the trial court abused its discretion. *See People v. Maestas*, 183 Colo. 378, 517 P.2d 461 (1973).

Relying on the rationale of *People v. Wheeler*, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978), and *Commonwealth v. Soares*, —— Mass. ——, 387 N.E.2d 499 (1979), McClain argues that the district attorney systematically excluded blacks from the jury through the use of peremptory challenges, requiring reversal of his convictions. We disagree.

Underlying the reasoning of both the California and the Massachusetts courts is the presumption that peremptory challenges are properly exercised. This presumption must be rebutted, and:

"If a party believes his opponent is using his peremptory challenges to strike jurors on the ground of group bias alone, he must raise the point in timely fashion and make a prima facie case of such discrimination to the satisfaction of the court. First, as in the case at bar, he should make as complete a record of the circumstances as is feasible. Second, he must establish that the persons excluded are members of a cognizable group within the meaning of the representative cross-section rule. Third, from all the circumstances of the case he must show a strong likelihood that such persons are being challenged because of their group association rather than because of any specific bias." *People v. Wheeler*, 148 Cal.Rptr. at 905, 583 P.2d at 764.

The trial court must then determine whether there is a reasonable inference that peremptory challenges are being used on the ground of group bias only. If such an inference is drawn, then the burden of going forward shifts to the other party to demonstrate that the peremptory challenges were based on grounds other than group bias. The trial court must be satisfied that the challenges were exercised on grounds reasonably related to the case on trial, to its parties, or to its witnesses, that is, they must have been made for reasons of specific bias.

■ Here, the trial court found, based on evidence in the record, that the prosecutor's challenges were on grounds of specific bias, *People v. Wheeler, supra*, and pertained to the particular qualities of the prospective juror. *See Commonwealth v. Soares, supra*. Consequently, even were we to adopt the rules announced in *Wheeler* and *Soares*, which we do not in this case, the trial court

fulfilled the requirements of those cases. Hence, no reversible error occurred in this regard.

█ McClain also challenges the admission of photographs of the deceased asserting that they were of no probative value and highly inflammatory. Here, the trial court admitted three of eleven photographs originally offered by the prosecution, finding that they illustrated the testimony of the pathologist regarding certain wounds on the body. Under these circumstances, we find no abuse of discretion. *See People v. Glenn*, Colo., 615 P.2d 700 (1980).

We have reviewed McClain's other argument and find it to be without merit.

Judgment affirmed.

BERMAN and KIRSCHBAUM, JJ., concur.