### The PEOPLE of the State of Colorado, Petitioner,

v.

### Gene Arthur SIMIEN, Respondent.

### No. 82SC27.

Supreme Court of Colorado, En Banc.

Jan. 10, 1983.

As Modified on Denial of Rehearing Jan. 24, 1983.

Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for petitioner.

Donna A. Salmon, Denver, for respondent.

ROVIRA, Justice.

We granted certiorari to review the judgment of the court of appeals, *People v. Simien* (No. 80CA0052, unpublished opinion), reversing the defendant's conviction of first-degree burglary and aggravated motor-vehicle theft. We affirm in part and reverse in part.

### I.

On November 16, 1978, Charles Beger was employed as a salesman and foreman

by Dunrite Roofing, which was owned by Dennis Smith. Because there had been a theft two days earlier from a job site near 41st Avenue and Colorado Boulevard in Denver, Smith told Beger in the morning that he would be staking out the site that night with a shotgun. Beger offered to accompany him, but Smith replied that there was no need for both of them to lose sleep. Beger then offered to lend Smith his .44 magnum revolver. Smith accepted the offer, but no further plans were made.

When Smith left the job site between 6:00 and 6:30 p.m. that night, he closed and latched a trailer full of roofing material that was on the site. The trailer was the kind ordinarily pulled by a "semi." The trailer had no lock on it. Mr. Smith went home and took a nap. When he awoke around 9:00 p.m., his wife told him that Beger had called and was going to bring his gun and stake out the job site with Smith for a couple of hours. When Smith arrived at the job site about 10:00 p.m., he saw several police cars and the body of Charles Beger. Also at the scene was a white dump truck that Smith did not recognize, which was owned by Wilson Simien, defendant Gene Simien's brother. Charles Beger's truck was not there. The door to the trailer was open and there was a roll of roofing material, of the kind that was stored in the trailer, on the ground.

At around 10:00 p.m., the police received a report that there was a shooting victim at a Milwaukee Street address. The police had been called by Anne Stilson, Wilson Simien's common-law wife, who stated that the defendant had pounded on her back door and told her that Wilson had been shot. Wilson was in the backyard on the ground. When the police arrived, Gene Simien told them that he had been walking toward the backyard, heard a shot and found Wilson on the ground in the yard.

The defendant changed his story after the police connected the Simiens with the Colorado Boulevard shooting. He then admitted that he and Wilson had been at the construction site and said they had gone there to meet someone to obtain some roofing materials. He said that he and Wilson were waiting for the seller to arrive when a vehicle approached. Wilson said, "Here comes the fellow," whereupon Gene decided he would call the woman with whom he was living to tell her that he would be home a little late. Then, despite the fact that there were two open gas stations within a half block, the defendant chose to walk a block and a half to a motel to call her. He said that because someone was using the telephone he turned around and started to walk back when he heard several shots. When he got back to the scene, he found his brother lying across Beger. Both had been shot, and neither was moving.

The defendant then put Wilson into Beger's truck, which apparently was blocking Wilson's truck, and drove to the Milwaukee Street address. He took his brother into the backyard and told his brother's wife to call an ambulance.

The police found Beger's revolver and a citizen's band radio from his truck in the backyard of Wilson's house. They found Beger's truck around the corner. Inside it were some bloodstains and Wilson Simien's .357 magnum revolver.

Gene Simien was arrested and charged with felony murder,[1] first-degree burglary,[2] aggravated motor-vehicle theft,[3] and accessory to crime.[4] He was convicted of first-degree burglary and aggravated motor-vehicle theft, but acquitted on the felony murder and accessory charges. He was sentenced to a prison term of not less than eleven nor more than twelve years on the burglary conviction and to an indeterminate to ten-year term on the aggravated motor-vehicle theft conviction, the sentences to run concurrently.

1. Section 18–3–102(1)(b), C.R.S.1973 (1978 Repl.Vol. 8).

2. Section 18–4–202, C.R.S.1973 (1978 Repl.Vol. 8).

3. Section 18–4–409(2)(d), C.R.S.1973 (1978 Repl.Vol. 8).

4. Section 18–8–105, C.R.S.1973 (1978 Repl.Vol. 8).

The court of appeals reversed the burglary conviction, holding that there was insufficient evidence to show that the defendant had entered the trailer.[5] Once the burglary conviction fell, the aggravated motor-vehicle theft conviction also had to fall, because the aggravating factor in the theft was that the vehicle had been used in the commission of a crime. *See* section 18–4–409(2)(d), C.R.S.1973 (1978 Repl.Vol. 8).

## II.

■ We agree with the court of appeals that there was insufficient evidence to support a conviction of first-degree burglary because there was no evidence to support a conclusion by a reasonable mind that the trailer had been entered. However, there was sufficient evidence to support a conviction of the lesser included offense of attempted first-degree burglary.

The jury had evidence from which it could have concluded the following. The defendant and his brother went to the construction site for the purpose of stealing roofing materials. These materials would have been of use to Wilson because he was in the roofing business. They placed Wilson's truck next to a flatbed trailer, which would have given them access to the van trailer that is the subject of the burglary charge. The truck was still in that position when the police arrived. The defendant and his brother then opened the door of the trailer and may or may not have entered it. Mr. Beger came up to them, and a shoot-out ensued, resulting in the deaths of both Charles Beger and Wilson Simien.

The weak point of the burglary case is the question of entry. If there was entry, it makes no difference, of course, which brother actually entered. A complicitor is accountable as a principal for the acts of another. Section 18–1–603, C.R.S.1973 (1978 Repl.Vol. 8); *People v. Archuleta,* 180

Colo. 156, 503 P.2d 346 (1972). However, the only evidence to show that the trailer had been entered was the fact that a roll of roofing material was found on the ground. Smith was unable to say whether the roll had been there when he went home the evening of the crime. We do not believe that this is sufficient evidence to show beyond a reasonable doubt that the structure had in fact been entered.

Of course, entry is not required to support a conviction of attempted burglary. All that is required is that there be "a substantial step toward the commission of the offense." Section 18–2–101, C.R.S.1973 (1978 Repl.Vol. 8). Opening of the trailer door is such a substantial step. Because attempted first-degree burglary is a lesser included offense of first-degree burglary, the jury must have concluded that all elements of attempt had been established.

■ Because of our resolution of the burglary question, we overturn the court of appeals' reversal of the aggravated motor-vehicle theft conviction. Section 18–4–409(2) provides:

"A person commits aggravated motor vehicle theft if he knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception and:

. . . .

(d) uses the motor vehicle in the commission of a crime other than a traffic offense . . . . "

The court of appeals concluded that since the conviction of the underlying crime was reversed, the aggravated motor-vehicle theft conviction also must be reversed. Because we find all elements of attempted first-degree burglary present, the conviction of aggravated motor-vehicle theft must be reinstated.

---

5. Section 18–4–202(1), C.R.S.1973 (1978 Repl. Vol. 8), provides:

"A person commits first degree burglary if he knowingly enters or remains unlawfully in a building or occupied structure with intent to commit therein a crime, other than trespass as defined in this article, against a person or property, and if in effecting entry or while in the building or occupied structure or in immediate flight therefrom, he or another participant in the crime assaults or menaces any person, or he or another participant is armed with explosives or a deadly weapon."

The respondent, in his appeal, raised issues which were not considered by the court of appeals because of its determination that there was insufficient evidence to sustain the burglary conviction. Therefore, the cause is remanded to the court of appeals for consideration of the other arguments raised by respondent: (1) that the trailer was not a "building" within the meaning of section 18–4–101(1), C.R.S.1973 (1978 Repl. Vol. 8); (2) that failure to give a "mere presence" instruction was erroneous; (3) that a mistrial should have been granted on the ground that the prosecutor's use of peremptory challenges denied the defendant a jury drawn from a representative cross-section of the community; and (4) that the trial court erred in failing to instruct on complicity. If the court of appeals finds that no reversible error was committed with respect to these four issues, it should remand to the district court for entry of a judgment of conviction of attempted first-degree burglary in place of the conviction of first-degree burglary, for reinstatement of the conviction of aggravated motor-vehicle theft, and for sentencing of the respondent accordingly.

The judgment of the court of appeals is affirmed in part and reversed in part, and the cause is remanded to the court of appeals for further proceedings consonant with this opinion.