**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Gene Arthur SIMIEN, Defendant-Appellant.**

**No. 80CA0052.**

Colorado Court of Appeals, Div. II.

July 21, 1983.

Rehearing Denied Aug. 18, 1983.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellee.

Donna Salmon, Denver, for defendant-appellant.

BABCOCK, Judge.

In October 1979, defendant was convicted of first-degree burglary and aggravated motor vehicle theft. This court reversed

the first-degree burglary conviction on the ground that there was insufficient evidence to support a finding by a reasonable mind of entry into the trailer which was the subject of the burglary. The aggravated motor vehicle theft conviction then fell because the aggravating factor in that theft was the use of the vehicle in the commission of the burglary. *People v. Simien*, (Colo. App. No. 80CA0052, November 19, 1981) (not selected for publication). Affirming in part and reversing in part, the Colorado Supreme Court held that the evidence, although insufficient to support the first-degree burglary conviction, supported a conviction of the lesser included offense of attempted burglary, and therefore, the aggravated motor vehicle theft conviction must be reinstated. *People v. Simien*, 656 P.2d 698 (Colo.1983).

The matter is before us again on remand for consideration of other arguments raised by the defendant on appeal which were not previously considered, namely: (1) Whether the trailer was a "building" within the meaning of § 18–4–101(1), C.R.S.1973 (1978 Repl.Vol. 8); (2) whether the trial court erred in failing to instruct the jury on complicity; (3) whether failure to give a "mere presence" instruction was erroneous; and (4) whether a mistrial should have been granted on the ground that the prosecutor's use of peremptory challenges denied the defendant a jury drawn from a representative cross-section of the community.

### I.

Defendant first contends that the trailer which was the subject of the attempted burglary is not a "building" within the meaning of § 18–4–101(1), C.R.S.1973 (1978 Repl.Vol. 8). We disagree.

Section 18–4–101(1), C.R.S.1973 (1978 Repl.Vol. 8), in pertinent part, defines a building as: "a structure which has the capacity to contain, and is designed for the shelter of . . . property, and includes a . . . trailer . . . or other vehicle or place adapted . . . for carrying on of business therein . . . ."

Here, the trailer was the kind ordinarily pulled by a truck tractor. It had the capacity to contain, and was designed for the sheltering of, property. It had been hauled to a construction site and left there for the purpose of storing roofing materials to be used on the project. Under these facts, the trailer is clearly a building within the statutory definition. *See Sanchez v. People*, 142 Colo. 58, 349 P.2d 561 (1960).

### II.

The defendant next contends that the trial court erred in failing to instruct the jury on complicity. Section 18–1–603, C.R.S.1973 (1978 Repl.Vol. 8). Since this question is raised for the first time on appeal, our review is limited to a consideration of whether the absence of the complicity instruction constitutes plain error. *People v. Barker*, 180 Colo. 28, 501 P.2d 1041 (1972); Crim.P. 30, 52(b). We conclude that it does not.

Complicity is a theory by which a defendant becomes legally accountable for an offense committed by another; it is not a separate, substantive offense under the criminal code. *People v. Thompson*, 655 P.2d 416 (Colo.1982); *People v. R.V.*, 635 P.2d 892 (Colo.1981). Thus, the statutory definitions of *mens rea* are not necessary elements of complicity. *People v. R.V., supra*. Where an erroneous instruction on complicity requires the finding of a higher standard of culpability, such failure inures to the benefit of the defendant and constitutes harmless error. *See People v. Swanson*, 638 P.2d 45 (Colo.1981).

Under the instructions given, the jury had to find beyond a reasonable doubt that the defendant, as principal, had the requisite *mens rea* to commit attempted first-degree burglary. *People v. Simien*, 656 P.2d 698 (Colo.1983). The error, if any, was harmless.

### III.

Defendant also contends that the trial court erred in refusing to instruct the jury "that the guilt of a defendant cannot be

established by mere presence at the scene of a crime, even with knowledge that a crime is being committed." In support of this contention, defendant argues that the jury was not fully and fairly informed of the law applicable to his theory of the case. We disagree.

 The defendant's theory of the case instruction given to the jury included the following language: "It is Gene Simien's theory of the case that there was not a burglary or attempted burglary by Gene Simien or Wilson Simien; that Gene Simien had no intent to còmmit burglary or any other crime ...." This, together with all instructions given the jury in this case, adequately covered the defendant's theory precluding a guilty verdict based solely on the fact that the defendant was present at the scene. *People v. Holmes,* 191 Colo. 477, 553 P.2d 786 (1976). Accordingly, we hold that where proper instructions are given concerning the presumption of innocence, the prosecution's burden of proof, reasonable doubt, the essential elements of the offenses, and the definition of the requisite *mens rea,* the so called "mere presence" instruction is necessarily encompassed by the instructions as a whole, and need not be given. *See People v. Gomez,* 632 P.2d 586 (Colo.1981).

### IV.

The defendant's final contention is that he was denied a jury drawn from a representative cross-section of the community because of the prosecutor's systematic exclusion of blacks through the use of peremptory challenges. The record shows that 13 of the 65 persons on the jury panel were black. The prosecutor struck three of these by use of peremptory challenges. One was struck because she disagreed with the felony murder rule. Another was struck because she was a resident of the defendant's neighborhood and expressed doubt as to her impartiality. The last was struck because he stated that he did not wish to serve as a juror in the case. Defense counsel struck one prospective black juror. Four black persons served on the jury selected.

 Under the circumstances here, we need not determine whether we should adopt the rule in *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), or the rule in *People v. Wheeler,* 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978). Here, as in *People v. Smith,* 622 P.2d 90 (Colo.App.1980), even though we apply the most stringent standards in favor of defendant, no reversible error occurred. The defendant's motion for mistrial was properly denied.

The cause is remanded to the district court for entry of a judgment of conviction of attempted first-degree burglary in place of the conviction of first-degree burglary, for reinstatement of the conviction of aggravated motor vehicle theft, and for sentencing of the defendant accordingly.

BERMAN and KELLY, JJ., concur.