**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JULIAN SAM,

      Petitioner-Appellant,

v.

STEVE HARTLEY; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 09-1376
(D.C. No. 07-CV-01405-LTB-KMT)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

Julian Sam, a Colorado state prisoner appearing pro se, seeks a certificate

of appealability ("COA") in order to challenge the district court's denial of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons

stated below, we DENY Sam's request and DISMISS this matter.

**I**

On February 12, 1999, Julian Sam and an accomplice entered the basement

of a home in Denver, Colorado wearing ski masks and proceeded to assault and

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

rob the residents at gun point. When the police arrived at the scene, they flooded the home with tear gas. Sam's accomplice was apprehended when he fled from the residence. Sam was found inside a bedroom closet, hiding under a pile of clothing.

Sam was subsequently charged in Denver City and County Court with two counts of aggravated robbery, one count of first degree robbery, one count of second degree robbery, one count of second degree assault, and two counts of menacing. Sam was convicted by a jury of all six charges. He was then sentenced to two consecutive thirty-year terms on the robbery charges. He was also sentenced to the following concurrent sentences: thirty years for the burglary charge, sixteen years for the assault charge and six years for each of the two menacing charges.

Sam then filed a direct appeal to the Colorado Court of Appeals ("CCA"). The CCA affirmed his convictions, but remanded with instructions to clarify the issue of which robbery sentence the remaining sentences were to run concurrent to. See People v. Sam, No. 00CA0203 (Colo. Ct. App. Dec. 6, 2001) ("Sam I"). Sam then petitioned the Colorado Supreme Court for a writ of certiorari, which was denied on April 29, 2002.

Sam next filed a motion to vacate his conviction pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, alleging ineffective assistance of counsel. The trial court held an evidentiary hearing before denying Sam's motion

2

in a written order. Sam appealed the denial of his Rule 35(c) motion and the CCA affirmed the trial court on December 14, 2006. See People v. Sam, No. 04CA2489 (Colo. Ct. App. Dec. 14, 2006) ("Sam II"). Sam then petitioned the Colorado Supreme Court for a writ of certiorari which was denied on April 2, 2007.

In June 2007, Sam filed a second Rule 35(c) motion in which he alleged his postconviction counsel had been ineffective in failing to investigate and present a particular allegation of ineffective assistance of trial counsel. The district court dismissed this motion as untimely and successive, but did not rule on its merits. On appeal, the CCA chose to address the merits of Sam's motion, but nonetheless affirmed the district court's dismissal. See People v. Sam, No. 07CA1903 (Colo. Ct. App. Nov. 6, 2008) ("Sam III").

Meanwhile, on July 5, 2007, Sam filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. In his petition Sam raised seven grounds for relief: (1) that he was denied the right to call witnesses; (2) that due to the denial of his right to call witnesses, he was also denied the right to present a defense; (3) that he was denied his right to due process by the trial court's rejection of his proposed "mere presence" jury instruction; (4) that he was denied the right to have the jury properly consider the lesser included offenses; (5) that the jury was not properly instructed on the elements of burglary under Colorado law; (6) that he was denied

3

a fair trial due to cumulative error; and (7) that he was denied the right to effective assistance of both trial counsel and postconviction counsel. The district court denied Sam's petition for habeas relief in a very thorough, written order. See Sam v. Hartley, et al., No. 07-cv-01405-L-TB (D. Colo. June 24, 2009) ("Sam IV").

## II

A COA is a jurisdictional prerequisite to an appeal from the district court's denial of a habeas petition filed under § 2254. See 28 U.S.C. § 2253(c)(1). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). If the district court has rejected a prisoner's claims on the merits, in order to show the denial of a constitutional right a prisoner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), if a claim has been adjudicated on the merits in state court, a petitioner is entitled to § 2254 habeas relief only if he can establish that the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

4

> determination of the facts in light of the evidence presented at the
> state court proceeding.

28 U.S.C. § 2254(d). Further, in this context "a determination of a factual issue made by a State court shall be presumed to be correct [and] … [t]he applicant [bears] the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. at § 2254(e)(1).

Since the CCA addressed Sam's claims on their merits, the district court applied these provisions of the AEDPA. Thus, our task is to determine whether, with respect to each of Sam's claims, reasonable jurists could debate the district court's determination that the CCA's adjudication was neither unreasonable nor contrary to established federal law. For the following reasons, we conclude that Sam has failed to make such a showing with respect to any of the seven issues he raises.

### (1), (2). Denial of the Right to Call Witnesses

In his first two claims, Sam argues that his Sixth Amendment right to compulsory process and his Fifth Amendment right to due process were violated when the trial court excluded his girlfriend, Nadiyah Berry, from testifying at trial. We agree with the CCA and the district court that these two claims were substantially similar. We will also address them as a single claim.

Sam hoped that Berry would testify that she had given Sam $1,000 in cash one week prior to the robbery. Sam would rely on this testimony to establish that

5

the money that police found on his person was not stolen. The prosecution objected to the witness testifying because she had not been endorsed until the third day of trial, she had not been sequestered from other witnesses, she had been present in the court room during the trial, and the prosecution had no opportunity to conduct any discovery concerning her potential testimony. The trial court excluded the testimony, finding that Sam had been on notice since the time the charges were filed that the source of the money found on his person would be an issue. The court concluded that allowing Berry's testimony would be an unfair surprise to the prosecution.

The CCA agreed that Sam was on notice that the source of the money would be an issue and that his failure to timely endorse Berry as a witness violated Rule 16 of the Colorado Rules of Criminal Procedure, which requires that defense witnesses be disclosed no later than thirty days before trial. See Sam I at 2. The CCA concluded that the trial court's decision to exclude Berry's testimony was not an abuse of discretion. See id. at 2-6. On federal habeas review, the district court concluded that the CCA's affirmation of the trial court was reasonable, specifically citing Taylor v. Illinois, 484 U.S. 400, 408 (1988). See Sam IV at 7-11.

In Taylor, the Supreme Court recognized that "[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense," but went on to affirm the trial court's exclusion of a witness whose name was not

6

disclosed to the prosecution until the second day of trial, despite defense counsel's admission that he was aware of the witness' name before trial. 484 U.S. at 403-05, 408. The Court noted that while less severe remedies for the untimely disclosure of a defense witness are always available, when the discovery violations that lead to such untimely disclosures are flagrant or designed to conceal a plan to present fabricated testimony or gain a tactical advantage, exclusion of the witness is entirely consistent with the Compulsory Process Clause of the Sixth Amendment. See id. at 410-416.

We conclude that reasonable jurists would not debate the district court's conclusion that the CCA's adjudication of Sam's first two claims was based on a reasonable application of relevant federal law. Therefore, neither of these claims may serve as an adequate basis for the granting of a COA.

**(3). "Mere Presence" Instruction**

In his third claim, Sam argues that his constitutional right to due process was violated when the trial court refused to give his proposed "mere presence" instruction to the jury. The proposed instruction read as follows: "The guilt of a defendant cannot be established by mere presence at the scene of a crime, even with knowledge that a crime is being committed." Trial Court Record, Vol. I, p. 22. The trial court rejected this instruction citing the CCA's opinion in People v. Simien, 671 P.2d 1021 (Colo. Ct. App. 1983), wherein it stated:

[W]here proper instructions are given concerning the presumption of

7

innocence, the prosecution's burden of proof, reasonable doubt, the essential elements of the offenses, and the definition of the requisite *mens rea*, the so called 'mere presence' instruction is necessarily encompassed by the instructions as a whole, and need not be given.

671 P.3d at 1024. On appeal, the CCA held that the trial court had properly instructed the jury and as such concluded "that the jury did not base its guilty verdicts on [Sam's] mere presence at the scene." Sam I at 6. Finally, the district court on habeas review concluded that the CCA's adjudication was reasonable because the trial court's failure to give the proposed instruction did not implicate "fundamental fairness." Sam IV at 11-13.

In Henderson v. Kibbe, 431 U.S. 145 (1977), the Supreme Court noted that "[a]n appraisal of the significance of an error in the instructions to the jury requires a comparison of the instructions which were actually given with those that should have been given." 431 U.S. at 154. The Court went on, however, to say that as a general rule in a habeas proceeding regarding jury instructions, the proper inquiry is whether "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned." Id. (internal citations and quotations omitted).

Given the fact that the jury in Sam's trial was properly instructed with respect to the prosecution's burden of proof, reasonable doubt and the requisite *mens rea*, we conclude that reasonable jurists would not debate the district court's

8

conclusion that the CCA reasonably applied relevant federal law. As such, Sam's third claim does not provide an adequate basis for the granting of a COA.

**(4). Comments of the Prosecutor**

In his fourth claim, Sam argues that his constitutional right to due process was violated when the trial court allowed the prosecutor to encourage the jury to completely disregard the jury instructions. Specifically, he objects to the following portion of the prosecutor's closing argument:

> Then you have a bunch of what are called lesser offenses, and after each there are elements that say I have to prove this and that and the other that are numbered.
>
> Then the next page that you will see will say, if it necessarily includes a lesser offense, such as first degree burglary and a lesser offense of criminal trespass.
>
> Aggravated robbery has a lesser offense of robbery. The lesser offenses, you can only convict on those if you believe there was no gun involved, or Mr. Sam was just in there without the intention to commit theft; he just happened to be there. Those are the lesser included offenses. Read them. They don't have anything to do with the facts in this case, they're just there, and that's it for the complicity instructions. It's just as to that one count.

Trial Transcript, Vol. 5, p. 118.

The trial court denied Sam's motion for a mistrial based on these comments. On appeal, the CCA recognized that pursuant to Colorado law, it is improper for a court to indicate that jury instructions offered by the defendant are less worthy of the jury's consideration. Sam I at 8 (citing People v. Coria, 937 P.2d 386 (Colo. 1997)). The CCA chose not to grant relief, however, noting that

9

it was the prosecution who had commented on the instructions, not the court, and that in any event the instructions had not been labeled as defense instructions. Id. at 9. The district court, guided by Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974), and Darden v. Wainwright, 477 U.S. 168, 181-82, concluded that the CCA's adjudication was reasonable because the prosecutor's comments were not so egregious that they rendered the entire trial fundamentally unfair. Sam IV at 13-16.

In Darden, the Supreme Court noted that in assessing this type of prosecutorial conduct in the habeas corpus context, "[t]he relevant question is whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." 477 U.S. at 181 (citing Donnelly, 416 U.S. at 643). In concluding that the prosecutor's comments in Darden did not so infect the trial, the Court noted that the prosecutor's argument "did not manipulate or misstate the evidence, nor did it implicate other specific rights of the accused such as the right to counsel or the right to remain silent." Id. at 181-82. The Court also noted that the "[t]he trial court instructed the jurors several times that their decision was to be made on the basis of the evidence alone, and that the arguments of counsel were not evidence," and also mentioned that the heavy weight of the evidence against the petitioner reduced the likelihood that the jury's decision was influenced by argument. Id. at 182.

Given that the challenged comments were made by the prosecutor and not

10

the trial court, and given the weight of the evidence against Sam, we conclude that reasonable jurists would not debate the district court's conclusion that the CCA reasonably applied relevant federal law. As such, Sam's fourth claim cannot serve as the basis for the granting of a COA.

**(5). Jury Instructions on Theft**

In his fifth claim, Sam argues that his constitutional right to due process was violated because the trial court failed to properly instruct the jury on the elements of theft, the crime underlying Sam's burglary charge. Specifically, he objects to the fact that although the trial court properly instructed the jury as to the elements of burglary, it failed to instruct the jury as to the elements of the theft, thereby permitting the jury to convict him of burglary without specifically finding each element of the crime.

As Sam did not raise this argument before the trial court, on direct appeal the CCA reviewed the issue only for plain error. Sam I at 9. The CCA concluded that there was no plain error because, in light of the fact that the jury had convicted Sam of aggravated robbery, it had already found that he took something of value from his victims. Id. at 9-10. Thus, the only element of theft that had not been found was the intent to permanently deprive the victims of this property. Id. According to the CCA, it would be "antithetical to the facts of this case" for the jury to have concluded that Sam did not intend to permanently deprive the victims of their money. Id. at 10. The district court, guided by the Supreme

11

Court's decisions in <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991) and <u>Henderson</u>, concluded that the CCA's adjudication was a reasonable application of federal law because the erroneous instruction did not so infect the entire trial so as to violate due process. <u>Sam IV</u> at 16-19.

We agree that the trial court erred when it failed to instruct the jury on the elements of theft. But, as the district court correctly noted, the Supreme Court has held that "the fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas relief." <u>Estelle</u>, 502 U.S. at 71-72. Rather, the Court has held that collateral relief is available only if "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." <u>Henderson</u>, 431 U.S. at 154. Finally, the Court has also mentioned that "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." <u>Id.</u> at 155.

Given that by convicting Sam of aggravated robbery, the jury found each element of theft except the intent to permanently deprive, and given that Sam is entitled to relief only if "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," <u>Henderson</u>, 431 U.S. at 154, we conclude that reasonable jurists would not debate the district court's conclusion that the CCA's adjudication was a reasonable application of federal law. As such, Sam's fifth claim provides no basis for the issuance of a COA.

12

**(6).  Cumulative Error**

In his sixth claim, Sam argues that he was denied his constitutional right to due process because of cumulative trial error.  The CCA concluded that "the errors combined did not prevent [Sam] from receiving a fair trial."  Sam I at 10.  The district court concluded that "the CCA's rulings do not constitute an unreasonable application of the cumulative-error doctrine, nor were they unreasonable determinations of the facts presented in the state court proceedings."  Sam IV at 20.

In the context of habeas relief, cumulative error is reviewed under the same standard as individual error.  Thornburg v. Mullin, 422 F.3d 1113, 1137 (10th Cir. 2005).  Thus, relief is warranted only if the errors alleged by Sam cumulatively "infected the trial with unfairness as to make the resulting conviction[s] a denial of due process."  Donnelly, 416 U.S. at 643.  Based on our analysis of the alleged errors, we conclude that reasonable jurists would not debate the district court's conclusion that the CCA's adjudication of the cumulative error issue was a reasonable application of federal law.  As such, Sam's sixth claim cannot serve as the basis for the issuance of a COA.

**(7).  Ineffective Assistance of Counsel**

In his final claim, Sam alleges that he was denied his constitutional right to the effective assistance of both trial counsel and postconviction counsel.  In support of his position, Sam points to the following six errors he alleges trial

13

and/or postconviction counsel made: (a) failure to object when the elements of theft were omitted from the jury's burglary instructions; (b) failure to offer a "mere presence" jury instruction; (c) failure to object to the introduction of two guns at trial; (d) objection to the introduction of a ski mask; (e) failure to investigate numerous aspects of Sam's case; and (f) failure of postconviction counsel to investigate trial counsel's failure to attack the credibility of a victim.

Because "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254," see 28 U.S.C. § 2254(i), we consider only Sam's claims of ineffective assistance of trial counsel. Under Strickland v. Washington, 466 U.S. 668 (1984), Sam may establish the ineffectiveness of his trial counsel only by demonstrating that counsel's performance fell below an objective standard of reasonableness and that this deficiency resulted in prejudice to his defense. 466 U.S. at 687-88. There is a strong presumption that counsel's performance falls within the range of reasonableness and it is Sam's burden to overcome this presumption. Id. at 689. Finally, in order to establish prejudice, Sam must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the resulting proceedings would have been different." Id. at 694. We address the CCA and district court's application of this standard to each of Sam's allegations.

14

(a) Burglary Instructions

In addressing Sam's ineffective assistance claim with respect to trial counsel's failure to object to the trial court's erroneous burglary instruction, the CCA concluded that even if this constituted error, there was no prejudice to Sam because the CCA had already concluded that the erroneous instruction did not warrant a vacation of Sam's convictions.  Sam II at 2-3.  The district court then concluded that the CCA had reasonably applied Strickland.  Sam IV at 22-23.  In light of the fact that the erroneous instruction did not prejudice Sam, we agree with the district court that counsel was not ineffective in failing to object to it.

(b) "Mere Presence" Instruction

In response to Sam's claim that his trial counsel was ineffective because he failed to offer a theory of defense jury instruction based on "mere presence" due to his lack of preparation for trial, the CCA first noted that defense counsel did tender such an instruction.  Sam II at 4.  The CCA went on to find that in light of the fact that it had already held that the omission of this instruction did not prejudice Sam, Sam had no claim to ineffective assistance on these grounds.  Id. Finally, the CCA concluded by finding that defense counsel had, in fact, developed a theory of defense during trial.  Id. at 4-5.

On habeas review, the district court concluded that in light of the fact that Sam had offered no evidence either rebutting the CCA's factual finding that defense counsel had developed a theory of the case or indicating that counsel was

15

not prepared for trial, the CCA had reasonably applied Strickland.  Sam IV at 23-24.  We conclude that no reasonable jurist would debate the district court's conclusion.

(c) Failure to Object

In addressing Sam's claim that he received ineffective assistance because trial counsel failed to object to the prosecution's introduction of two guns brought to the police by the victims two days after the crime, the CCA found that there had been no prejudice because Sam had not provided any facts or legal authority to support a claim that the guns should have been suppressed.  Sam II at 9-10.  The district court noted that the Supreme Court has observed that "counsel may disserve the interests of his client by attempting a useless charade," Sam IV at 25 (citing United States v. Cronic, 466 U.S. 648, 657 n.19 (1984) (alterations omitted)), that it was not in a position to second guess the tactical decisions of trial counsel, and that the CCA had reasonably applied Strickland.  Id.  We conclude that no reasonable jurist would debate this conclusion.

(d) Objection to Ski Mask

Sam next alleged that he received ineffective assistance because trial counsel improperly objected to the prosecution's introduction of a ski mask which Sam contends supports his claim that there was a third, as yet unapprehended person responsible for the crimes.  The CCA rejected Sam's claim finding that counsel's objection was a matter of trial strategy that was neither unreasonable

16

nor prejudicial to Sam.  See Sam II at 10-11.  The CCA noted that counsel's objection to the ski mask came during the prosecution's case-in-chief and related to the prosecution's failure to give notice of its existence during discovery.  Id.  It further noted that counsel specifically requested that he be permitted to introduce the evidence, if necessary, in his case-in-chief.  Id. at 11.

In reviewing the CCA's decision, the district court began by noting that we have held that "where it is shown that a particular decision was, in fact, an adequately informed strategic choice, the presumption that the attorney's decision was objectively reasonable becomes 'virtually unchallengeable.'"  Sam IV at 26 (citing United States v. Nguyen, 413 F.3d 1170, 1181 (10th Cir. 2005) (internal quotations omitted)).  It went on to conclude that in light of the fact that Sam had produced no evidence that counsel's decision was not such a strategic decision, the CCA had reasonably applied Strickland.  Id.  We agree and conclude that no reasonable jurist would debate the district court's conclusion.

(e) Failure to Investigate

Sam next claims trial counsel was ineffective by failing to: (i) investigate and endorse Berry as a witness prior to trial; (ii) interview Sam's co-defendant; (iii) investigate the identity of a third person allegedly also present at the crime scene; and (iv) investigate the crime scene.  In addressing the issue of counsel's failure to investigate in Strickland, the Supreme Court noted that "a particular decision not to investigate must be directly assessed for reasonableness in all the

17

circumstances, applying a heavy measure of deference to counsel's judgments."

466 U.S. at 691. It is with this Strickland standard in mind that we now analyze

the CCA's and district court's adjudications of these claims.

> (i), (ii), (iii) Failure to Investigate Berry, Co-Defendant, and Third Person

In concluding that counsel's failure to investigate these individuals had not

prejudiced Sam, the CCA noted that at the evidentiary hearing on his first motion

to vacate, Sam conceded on cross-examination that he had failed to provide

counsel with contact information for Berry, had never told counsel that his co-

defendant had useful information and knew neither the name nor the whereabouts

of the alleged third person. Sam II at 6. The CCA further noted that Sam had

failed to produce evidence suggesting that any of the three were willing to testify

or offer any proof of the substance, credibility, or admissibility of their

anticipated testimony. Id. at 7.

In finding that the CCA had reasonably applied Strickland, the district

court noted that we have held that "a petitioner who challenges his counsel's

effectiveness because counsel decided not to interview a potential witness, must

establish the decision not to interview was unreasonable from counsel's

perspective at the time the decision was made." Sam IV at 28 (citing Anderson v.

Att'y Gen. of Kan., 425 F.3d 853, 859 (10th Cir. 2005)). We conclude in light of

the facts noted by the CCA, that no reasonable jurist would debate this conclusion

18

of the district court.

### (iv) Failure to Investigate the Crime Scene

In concluding that trial counsel's failure to investigate the crime scene had not prejudiced Sam, the CCA found that "[Sam's] argument that, had counsel investigated the crime scene, counsel could have explained why [Sam] was at the victims' house and thereby rebutted the prosecution's theory he broke into the house, is speculative and conclusory, and thus does not support a claim of ineffective assistance." Sam II at 8-9. The district concluded that the CCA had reasonably applied Strickland, noting that Sam had failed to show that an additional investigation into the crime scene could have produced a different result at trial. Sam IV at 29. As Sam has yet to make such a showing, we conclude that no reasonable jurist would debate the district court's conclusion.

### (f) Failure to Attack Victim's Credibility

In his final ineffective assistance claim, Sam alleges that his postconviction counsel was ineffective for failing to investigate trial counsel's failure to attack the credibility of one of the victims on the grounds that the victim was an illegal immigrant who had provided police with a false name. As previously noted, however, we may not entertain this claim because "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

19

**III**

Sam's request for a Certificate of Appealability is DENIED and this matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge